## CITIZENS NAT. BANK OF LLANO v. THOMAS.

### No. 8402.

Court of Civil Appeals of Texas. Austin. Nov. 20, 1935.

Lawrence L. Bruhl and Raymond O. Furr, both of Llano, for appellant.

C. C. Ashley, of Llano, and Thos. C. Ferguson, of Burnet, for appellee.

BAUGH, Justice.

This appeal is from what is termed a temporary injunction granted to appellee, Thomas, against appellant bank by the district court of Llano county, on July 20, 1935, restraining it from applying for, or having issued out of the county court of that county, an execution upon a judgment theretofore rendered in the county court in favor of the bank against Thomas; and also restraining said bank from collecting, and one W. J. Everett from paying over to the bank, the amount of money Everett owed Thomas, as shown by his answer as garnishee, in garnishment proceedings issued out of the county court in connection with the bank's suit there against Thomas.

On July 19, 1935, application for injunction was filed by Thomas in the district court on the grounds, among others, that the money owed by Everett to Thomas was proceeds from the voluntary sale of Thomas's homestead less than six months prior to said suit, and as such was exempt from garnishment.

When the application for injunction herein was filed on July 19th, the court set it down for hearing on July 20th. On the latter date the court entered its order, reciting that the defendants therein had not been notified, and further that "it is considered and ordered that a temporary restraining order be awarded plaintiff against the defendant as prayed for * * * all until the next regular term of this court." The writ issued against the bank commanded it to refrain from the acts therein restrained "until the further order of said District Court, to be holden within and for the County of Llano, Texas, at the courthouse thereof in Llano, Texas, on the second Monday in November, A. D. 1935, the same being the 11th day of November, A. D. 1935, and where this writ is returnable." And expressly restrained the acts prohibited "until the next regular term of this court."

The same terms and provisions as to hearing and return of the writ were likewise embodied in the writ issued against Everett, who has not appealed.

From the foregoing it appears that the order of court as entered and the writs as issued constituted merely a temporary restraining order, and not a temporary injunction. Ex parte Rains, 113 Tex. 428, 257 S.W. 217; Beard v. Smith (Rayburn v. Smith) (Tex.Civ.App.) 85 S. W.(2d) 843; 24 Tex.Jur., § 10, p. 20, and authorities there cited. If merely a temporary restraining order, an appeal therefrom would not lie, and the appeal herein should be dismissed. 10 Tex.Jur. § 234, p. 291. But, if treated as a temporary injunction under the recitals above quoted, it is manifest that the order issued by the district court expired under its own terms on the date to which it was made returnable, that is, on November 11, 1935, and that the subject-matter of this appeal has therefore become moot. The appeal will therefore be dismissed without prejudice.

Appeal dismissed.