## TEXAS STATE FEDERATION OF LABOR et al. v. BROWN & ROOT, Inc.

### No. 9948.

Court of Civil Appeals of Texas. Austin.

Nov. 9, 1950.

Rehearing Denied Nov. 13, 1950.

Mullinax, Wells & Ball, by L. N. D. Wells, Jr., and Marion C. Ladwig, of Dallas, Creekmore Fath, of Austin, Dixie & Ryan, by Robert C. Ekhardt, Combs, Brown & Brock, by W. A. Combs, of Houston, for appellants.

Powell, Wirtz & Rauhut, William A. Brown, Ben H. Powell, Jr., A. J. Wirtz, Looney, Clark & Moorhead, Donald S. Thomas, Everett L. Looney, R. Dean Moorhead, of Austin, for appellee.

PER CURIAM.

This is an appeal from an interlocutory order granting injunctive relief.

On the 2nd of October, 1950, Brown & Root, Inc., filed a petition in the court below, naming numerous labor organizations as defendants, in which injunctive relief, both temporary and permanent, was sought. This petition is 25 pages long and the relief sought is described in about 14 paragraphs, covering more than 2 pages of the petition.

On the same date, to-wit: October 2, 1950, the trial court, without notice and without a hearing, granted what is denominated as "Order Granting Temporary Restraining Order and Setting Hearing on Application for Temporary Injunction." This order is 10 pages long and restrains the defendants from doing numerous acts.

This order set for October 12, 1950, the application of Brown & Root, Inc., for a temporary injunction. Brown & Root, Inc., complied with the provisions of the order regarding bond, and the temporary restraining order thereby became effective.

On October 12, 1950, numerous of the defendants appeared and filed what is denominated "Defendants' Motion to Dissolve or Modify Temporary Restraining Order." This pleading consists of about 11 pages.

Thereafter the defendants filed a supplementary motion to dissolve or modify the temporary restraining order, which contains 2 pages.

On October 12, 1950, the date originally set by the trial court for hearing the application for temporary injunction, the court entered an order extending the temporary restraining order "pending the hearing on plaintiff's application for temporary injunction, but not to exceed 10 days from this date."

On October 16, 1950, an answer was filed on behalf of certain defendants, which was styled, "Texas Defendants' Answer to Plaintiff's Petition." This answer is 18 pages long. These same defendants, on October 18, 1950, filed "Motion to Dissolve Restraint and Opposition to Extension Thereof," which is 2 pages long.

On October 21, 1950, the trial court entered an order "extending the temporary restraining order," pending "the hearing on plaintiff's application for temporary injunction, but not to exceed 10 days from this date."

On October 23, 1950, many, if not all, of the defendants filed and had approved an appeal bond, in which it was recited that they were appealing from the order of the trial court, dated October 21, 1950, and from the action of the trial court in denying their motion to dissolve "said injunction." This appeal bond was approved by the Clerk of the trial court on October 25, 1950.

By supplemental transcript, filed herein on October 31, 1950, it is shown that on the same date that the trial court entered another order extending the temporary restraining order, "pending the hearing on plaintiff's application for temporary injunction, but not to exceed 10 days from this date."

There has also been filed in this court three transcripts of the proceedings in the court below, one consisting of 283 pages, one 26 pages, and the other 9 pages, and briefs containing 108 pages.

On October 25, 1950, appellants filed a motion to advance submission of this cause, and on November 1, 1950, we granted such motion and set the same for submission and oral argument on November 8, 1950, and on

that date the case was orally argued and submission was taken.

Prior to the submission herein appellee filed a motion to dismiss the appeal, on the ground that the order appealed from was a temporary restraining order, and hence not appealable. This motion was argued along with the submission of the cause.

With reference to such motion to dismiss appellants take the position that the order appealed from is a temporary injunction. For reasons now to be stated, we do not find it necessary to decide whether or not the order or orders entered by the trial court constitute a temporary injunction, or are merely temporary restraining orders.

It will be noted that the order which was current when appellants filed their appeal bond, on October 23, 1950, was the order of October 21, 1950, which purported to extend the temporary restraining order for a period of 10 days from that date. Ten days from October 21, 1950, had expired before submission of this cause. The order of October 31, 1950, which was brought up by supplemental transcript, was not in effect when appellants perfected their appeal; but even if we assume that this order has been appealed from, then it will by its own terms expire on Friday, November 10th, two days after the date of the submission.

In considering these orders we have been directed to a statement of the trial court to the effect that if appellee requests further extensions of the injunctive order, that they would be granted, unless appellants were able to show a change in circumstances. Upon this premise we are asked to assume that extensions of the order will be made by the trial court.

We do not consider the statement attributed to the trial court to be a judicial pronouncement, but only a statement made by him in fairness to all and as expressing his attitude regarding the future progress of the litigation. If, however, such statement is tantamount to a judicial order or judgment, then we are of the opinion that it is too indefinite to be given any effect.

It is our opinion from the cursory review that we have made of this record, that it will be impossible for us to dispose of this case in an orderly manner prior to the expiration of the last order purporting to extend the so-called restraining order, which expiration date is November 10, 1950; and that therefore this case is or will become moot before it can be determined. Speed v. Keys, 130 Tex. 276, 109 S.W.2d 967; Citizens Nat. Bank of Llano v. Thomas, Tex.Civ.App., Austin, 88 S.W.2d 1090, 1091; Swift v. Callaghan Land & Pastoral Co., Tex.Civ.App., San Antonio, 120 S.W. 2d 459.

Appeal dismissed.