**TEXAS PARKS AND WILDLIFE DEPARTMENT, et al., Appellants,**

v.

**TEXAS ASSOCIATION OF BASS CLUBS, et al., Appellees.**

No. 13393.

Court of Appeals of Texas, Austin.

Sept. 4, 1981.

Rehearing Denied Oct. 21, 1981.

Mark White, Atty. Gen., Leslie M. Ma-cRae, Nancy N. Lynch, Asst. Attys. Gen., Austin, for appellants.

Leland P. McKeeman, Rinehart & Nu-gent, Austin, for appellees.

SHANNON, Justice.

Pursuant to its Rule 127.30.08.001–.007, the Texas Parks and Wildlife Department issued a permit to Texas A & M University and others which granted the permittees the right to transport 240,000 grass carp fish into Texas to be placed in Lake Conroe, effective October 1, 1980. Appellees, Texas Association of Bass Clubs and Edward I. Parten, filed a declaratory judgment suit in Travis County pursuant to § 12 of the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, seeking a declaration that the rule and the permit issued pursuant thereto were invalid. As basis for invalidation of the rule and the resultant permit, appellees claim that the Department's rule was promulgated in violation of § 5 of the Administrative Procedure and Texas Register Act. After hearing, the district court agreed, and rendered judgment declaring the rule and the permit void. This Court will set aside the judgment, and dismiss the cause.

The rule and the permit stem from efforts to rid Lake Conroe of an aquatic weed, hydrilla. Lake Conroe has become infested with hydrilla which has interfered with its recreational and scenic use and has adversely affected property values about the lake.

Control of the weed has been attempted by massive use of chemicals. Although great sums have been expended to destroy it, the weed has flourished. Experts estimated that within a few years seventy-five or eighty percent of Lake Conroe will be taken up by the weed, a veritable lagoon of hydrilla.

Interested persons learned that other states had used the fish, grass carp, to control hydrilla and other aquatic weeds. The assistance of the Department and A & M University was sought concerning the use of grass carp for vegetation control at Lake Conroe.

Before grass carp could be placed in Lake Conroe, it was necessary for the Department to amend its rule that restricted grass carp to public aquaria. Public hearings concerning the proposal began in the autumn and continued until the rule was amended on April 26, 1979. About a year later, the Department issued the permit to A & M authorizing the transportation of the grass carp into Texas for stocking in Lake Conroe during the period from October 1, 1980 to April 1, 1981.

After the permit was issued, the intervenor Lake Conroe Association entered into a contract to purchase the 240,000 fish at a cost of $408,000.00 to stock Lake Conroe.

Appellees filed suit for declaratory judgment to prevent the stocking of grass carp in Lake Conroe fearing that the quality of bass fishing would be harmed. The basis for suit was an alleged irregularity in the Department's hearing which culminated in the adoption of the rule.

The case was submitted on April 8, 1981. After inquiry by this Court, the parties informed the Court that H.B. 556 passed by the 67th Legislature, Regular Session, 1981,

and signed by the Governor on June 18, 1981, treated the subject of this appeal. Specifically, H.B. 556 provides that grass carp may be imported, possessed, and released by Texas A & M University into the waters of Lake Conroe in Montgomery and Walker Counties for research purposes. H.B. 556 provides further that the provisions of the Act prevail over any contrary regulation of the Texas Parks and Wildlife Department.

House Bill 556 moots this appeal. By force of the bill, the University now has specific legislative sanction to release grass carp into the waters of Lake Conroe. The University's authority to release the fish into Lake Conroe is not now dependent upon the validity of the Department's Rule 127.30.08.001–.007, but is derived directly from House Bill 556. A judgment by this Court under these circumstances would be ineffectual for want of a subject matter upon which it could operate, the validity of the Department's rule being immaterial.

The parties suggest that the appeal is not moot. Appellees point out that House Bill 556 applies only to Lake Conroe, while Rule 127.30.08.001–.007 has statewide application and could allow the Parks and Wildlife Department to issue permits to A & M University for research with grass carp in any of the public waters of Texas. At issue in this appeal is the validity of the permit issued by the Department to A & M *to place grass carp in Lake Conroe.* The passage of H.B. 556, in effect, validates any infirmities in that permit. The possibility that the Department may, or may not, issue a permit pursuant to Rule 127.30.08.001–.007 to some person to place grass carp in some lake at some future time does not prevent this appeal from being moot. The validity of the rule and any future permit can be challenged at that time. Courts are not empowered to decide cases predicated upon future contingencies. See *Texas State Federation of Labor v. Brown & Root,* 233 S.W.2d 622 (Tex.Civ.App. 1950, writ ref'd).

Appellants claim that the appeal should be decided because an important administrative law question is involved and that a resolution of that question would be of assistance to administrative agencies and the bar. To decide this appeal, under these facts, would constitute nothing more than an advisory opinion by this Court on an abstract question of law. The Supreme Court has repeatedly held that Art. V, § 8 of the Constitution of Texas prohibits the rendition of advisory opinions. *Firemen's Ins. Co. of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex.1968); *United Services Life Insurance Co. v. Delaney,* 396 S.W.2d 855 (Tex.1965).

The long-standing rule in this state is that appellate courts do not decide cases wherein no controversy exists between the parties. *City of West University Place v. Martin,* 123 S.W.2d 638 (Tex.1939); *State v. Society for Friendless Children,* 111 S.W.2d 1075 (Tex.1938). When an appeal is moot, the judgment is set aside and the cause is dismissed. *Freeman v. Burrows,* 141 Tex. 318, 171 S.W.2d 863 (1943); *Texas Foundries, Inc. v. International Moulders & Foundry Workers Union,* 151 Tex. 239, 248 S.W.2d 460 (1952); *Dunn v. Dunn,* 439 S.W.2d 830 (Tex.1969).

The judgment of the district court is set aside and the cause is dismissed.