TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00007-CV






Hartwin Peterson, D.C., Appellant



v.



The Texas Board of Chiropractic Examiners, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 96-13579, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 






 Hartwin Peterson, D.C., appellant, brought suit against The Texas Board of Chiropractic
Examiners (the "Board"), appellee, seeking injunctive and declaratory relief in connection with the Board's
attempt to revoke Peterson's chiropractic license. The district court granted the Board's plea to the
jurisdiction. In five points of error, Peterson contends the district court erred in granting the plea to the
jurisdiction. Concluding that the issue in this suit has become moot, we will dismiss the cause.


FACTUAL AND PROCEDURAL BACKGROUND


 In 1993, a patient of Peterson's filed a complaint with the Board alleging misconduct by
Peterson during chiropractic treatment. The Board charged Peterson with grossly unprofessional conduct
and sought in a contested case to revoke his chiropractic license for a violation of the Texas Chiropractic
Act. See Tex. Rev. Civ. Stat. Ann. art. 4512b, § 14a(5) (West 1996 & Supp. 1997). The hearing on the
Board's complaint against Peterson was set for November 18, 1996, before the State Office of
Administrative Hearings. On November 5, 1996, Peterson filed suit in the district court of Travis County
to enjoin the Board from proceeding with the November 18 hearing and also seeking a declaration that the
Board had not complied with the provisions of Tex. Rev. Civ. Stat. Ann. art. 4512b, Section 14c.2(b), a
prerequisite to proceeding with the November 18 hearing. The Board filed a plea to the jurisdiction
asserting that Peterson had not exhausted his administrative remedies. On November 13, 1996, the district
court granted the Board's plea and dismissed the cause. Peterson perfected this appeal from the district
court's order granting the Board's plea to the jurisdiction.

 We have been informed that, while this appeal was pending, the hearing on the Board's
complaint against Peterson took place as scheduled, and that the Board issued a final order. We are further
informed that Peterson filed a motion for rehearing with the Board and that the motion was overruled by
operation of law on May 15, 1997.


DISCUSSION


 The Board contends this appeal is moot, because the proceeding that Peterson complained
of and sought to enjoin has already taken place. We agree. It is axiomatic that appellate courts do not
decide cases in which no controversy exists between the parties. City of West Univ. Place v. Martin,
123 S.W.2d 638, 639 (Tex. 1939); Texas Parks & Wildlife Dep't v. Texas Ass'n. of Bass Clubs, 622
S.W.2d 594, 596 (Tex. Civ. App.--Austin 1981, writ ref'd n.r.e.). Generally a case is determined to be
moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the
outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). When, as here, the conduct Peterson sought
to enjoin has already occurred, the case is considered moot. See Huston v. Federal Deposit Ins. Corp.,
663 S.W.2d 126, 130 (Tex. App.--Eastland 1983, writ ref'd n.r.e.).

 There are two exceptions that can, under some circumstances, confer jurisdiction regardless
of mootness: (1) the "capable of repetition yet evading review" exception; and (2) the collateral
consequences doctrine. General Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 571 (Tex. 1990). 
Neither of these exceptions applies here. Accordingly, Peterson's cause is moot.


CONCLUSION


 Having found that a viable case or controversy no longer exists, we dismiss Peterson's
cause for want of jurisdiction.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Dismissed

Filed: June 12, 1997

Do Not Publish



, D.C., Appellant



v.



The Texas Board of Chiropractic Examiners, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 96-13579, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 






 Hartwin Peterson, D.C., appellant, brought suit against The Texas Board of Chiropractic
Examiners (the "Board"), appellee, seeking injunctive and declaratory relief in connection with the Board's
attempt to revoke Peterson's chiropractic license. The district court granted the Board's plea to the
jurisdiction. In five points of error, Peterson contends the district court erred in granting the plea to the
jurisdiction. Concluding that the issue in this suit has become moot, we will dismiss the cause.


FACTUAL AND PROCEDURAL BACKGROUND


 In 1993, a patient of Peterson's filed a complaint with the Board alleging misconduct by
Peterson during chiropractic treatment. The Board charged Peterson with grossly unprofessional conduct
and sought in a contested case to revoke his chiropractic license for a violation of the Texas Chiropractic
Act. See Tex. Rev. Civ. Stat. Ann. art. 4512b, § 14a(5) (West 1996 & Supp. 1997). The hearing on the
Board's complaint against Peterson was set for November 18, 1996, before the State Office of
Administrative Hearings. On November 5, 1996, Peterson filed suit in the district court of Travis County
to enjoin the Board from proceeding with the November 18 hearing and also seeking a declaration that the
Board had not complied with the provisions of Tex. Rev. Civ. Stat. Ann. art. 4512b, Section 14c.2(b), a
prerequisite to proceeding with the November 18 hearing. The Board filed a plea to the jurisdiction
asserting that Peterson had not exhausted his administrative remedies. On November 13, 1996, the district
court granted the Board's plea and dismissed the cause. Peterson perfected this appeal from the district
court's order granting the Board's plea to the jurisdiction.

 We have been informed that, while this appeal was pending, the hearing on the Board's
complaint against Peterson took place as scheduled, and that the Board issued a final order. We are further
informed that Peterson filed a motion for rehearing with the Board and that the motion was overruled by
operation of law on May 15, 1997.


DISCUSSION


 The Board contends this appeal is moot, because the proceeding that Peterson complained
of and sought to enjoin has already taken place. We agree. It is axiomatic that appellate courts do not
decide cases in which no controversy exists between the parties. City of West Univ. Place v. Martin,
123 S.W.2d 638, 639 (Tex. 1939); Texas Parks & Wildlife Dep't v. Texas Ass'n. of Bass Clubs, 622
S.W.2d 594, 596 (Tex. Civ. App.--Austin 1981, writ ref'd n.r.e.). Generally a case is determined to be
moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the
outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). When, as here, the conduct Peterson sought
to enjoin has already occurred, the case is considered moot. See Huston v. Federal Deposit Ins. Corp.,
663 S.W.2d 126, 130 (Tex. App.--Eastland 1983, writ ref'd n.r.e.).

 There are two exceptions that can, under some circumstances, confer jurisdiction regardless
of mootness: (1) the "capable of repetition yet evading review" exception; and (2) the collateral
consequences doctrine. General Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 571 (Tex. 1990). 
Neither of these exceptions applies here. Accordingly, Peterson's cause is moot