# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00176-CV

**Bill Chenault, Appellant**

**v.**

**The Honorable Wallace Jefferson, The Honorable Nathan L. Hecht,
The Honorable Harriet O'Neill, The Honorable Dale Wainwright,
The Honorable Scott A. Brister, The Honorable David Medina,
The Honorable Paul W. Green, The Honorable Phil Johnson,
and The Honorable Don Willett, in their official capacities as
Justices of the Texas Supreme Court, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. D-1-GN-05-000709, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from appellant Bill Chenault's suit for declaratory and injunctive relief seeking to remedy the automatic suspension of his license to practice law for failing to pay the attorney occupation tax. *See* Tex. Tax Code Ann. § 191.142 (West 2008). Appellees, the nine sitting justices of the Texas Supreme Court, in their official capacities, filed a plea to the jurisdiction, which was granted by the district court. Because we conclude the appeal is moot as a result of Chenault's payment of the delinquent taxes and the subsequent reinstatement of his license to practice law, we vacate the district court's order and dismiss the appeal.

## BACKGROUND

The material facts of this case are not in dispute. Chenault agrees that he failed to pay the attorney occupation tax[1] for several years. On November 22, 2004, the clerk of the supreme court sent a demand letter to Chenault requesting payment of the attorney occupation tax for the years 1995-2000. The letter stated that Chenault owed $3,470.31, and that failure to pay this amount in full within fifteen days would result in the automatic suspension of Chenault's license to practice law. *See* Tex. Tax Code Ann. § 191.1441 (West 2008) (providing for automatic license suspension for failure to pay attorney occupation tax).

The record reflects that Chenault sought to resolve the matter of nonpayment "informally," but he did not pay the amount owed within the time period specified in the clerk's letter. The record further reflects that Chenault contacted the State Bar of Texas and requested a hearing on the issue of his outstanding tax balance. Chenault never received a hearing, and his license to practice law was automatically suspended for nonpayment of the attorney occupation tax.

Chenault filed suit against appellees in the Travis County district court seeking declaratory and injunctive relief. Among other claims, Chenault argued that the statute allowing for automatic suspension of his license for nonpayment of the tax was unconstitutional and violated due process. The parties filed cross-motions for summary judgment, and appellees filed a plea to the jurisdiction. Without reaching the cross-motions for summary judgment, the district court granted appellees' plea to the jurisdiction. This appeal followed. During oral argument, however, Chenault

---

[1] The legislature has imposed an occupation tax on each attorney. *See* Tex. Tax Code Ann. § 191.142 (West 2008).

2

stated that he has since paid the delinquent taxes in full and that his license to practice law has been reinstated.

## DISCUSSION

As a preliminary matter, we must consider whether Chenault's payment of the taxes owed and the subsequent reinstatement of his license to practice law renders his appeal moot. For the reasons set forth below, we conclude that it does.

As a general rule, Texas courts may not render advisory opinions. Tex. Const. art. V, § 8; *Firemen's Ins. Co. v. Burch.*, 442 S.W.2d 331, 333 (Tex. 1968). Nor do appellate courts decide cases where no controversy exists between the parties. *Camerana v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). The mootness doctrine precludes a court from rendering an advisory opinion in a case where there is no live controversy. *Id.* While the supreme court has recognized that a declaratory judgment action is appropriate when a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought, *see Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995), it has also held that such an action does not vest a court with the power to decide hypothetical or contingent situations or to determine questions not essential to the decision of an actual controversy. *See Firemen's Ins. Co.*, 442 S.W.2d at 333.

Chenault brought suit seeking a declaratory judgment based on his claim that the appellees suspended his license to practice law without affording him due process. According to his statements at oral argument, however, Chenault has paid the full amount of delinquent taxes owed, and his license to practice law has been reinstated. There is nothing in the record showing that

3

Chenault paid the taxes under protest or otherwise preserved his right to continue this lawsuit. Under these circumstances, we conclude there is no longer a live controversy for this Court to decide and, therefore, Chenault's appeal is moot. *See, e.g.*, *City of West Univ. Place v. Martin*, 123 S.W.2d 638, 639 (Tex. 1939); *Texas Parks & Wildlife Dep't v. Texas Ass'n of Bass Clubs*, 622 S.W.2d 594, 596 (Tex. Civ. App.—Austin 1981, writ ref'd n.r.e.). When a case becomes moot on appeal, the proper order is to vacate the underlying judgment and dismiss the cause. *See, e.g.*, *Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 788-89 (Tex. 2006); *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 230 (Tex. 1993); *Texas Ass'n of Bass Clubs*, 622 S.W.2d at 596.

## CONCLUSION

Having determined that Chenault's appeal is moot, we vacate the district court's order and dismiss the appeal.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Dismissed

Filed:   June 4, 2008

4