**MARAUDER CORPORATION,**
Appellant,

v.

**Stacey BEALL, Appellee.**

**No. 05–08–00713–CV.**

Court of Appeals of Texas,
Dallas.

Nov. 25, 2009.

Rehearing Overruled Jan. 13, 2010.

Gary T. MacInnis, Attorney at Law, Austin, TX, for Appellant.

Thomas Dean Malone, Law Offices of Dean Malone, P.C., Dallas, TX, for Appellee.

Before Chief Justice WRIGHT and Justices RICHTER and FILLMORE.

## OPINION

Opinion By Chief Justice WRIGHT.

Marauder Corporation appeals from a judgment awarding damages and injunctive relief. In nine issues, Marauder contends generally the trial court erred in: (1) granting the injunction because Beall did not meet the requirements for an injunction; (2) awarding statutory damages in the absence of actual damages; (3) awarding attorney's fees because Beall failed to recover actual damages; (4) awarding additional attorney's fees for appeal not

awarded by the jury; and (5) imposing the wrong post-judgment interest rate. We sustain Marauder's fifth issue to the extent that it complains of the injunction being overly broad, and we modify the injunction to limit its protection to Beall. We sustain Marauder's eighth issue to the extent that it complains of the $300.00 in additional damages under the Texas Deceptive Trade Practices Act. We reverse the trial court's judgment with respect to the award of the $300.00 in damages. We sustain Marauder's sixth issue with respect to attorney's fees on appeal and reverse and remand the issue of attorney's fees to the trial court. In all other respects, we affirm the trial court's judgment.

## Background

Marauder is a collection agency based in California. In 2004, a Marauder employee who referred to herself as "Michelle Black" contacted Beall at work concerning a debt. "Michelle Black" told Beall that if she failed to pay a debt by the end of the day Beall would be arrested, her office would be shut down, and the computers confiscated. Beall spoke with "Michelle Black" two times in one day. There was no further contact. Beall was upset by the phone calls but she never sought any treatment as a result of her distress.

Beall sued Marauder alleging various violations of the Texas Debt Collection Act (TDCA). She sought both actual damages and injunctive relief. The jury found that Marauder violated the TDCA but that Beall did not suffer any damages as a result of those violations. The jury did award $3,000 in additional damages under the Texas Deceptive Trade Practices Act (DTPA). The jury also awarded $14,000 in attorney's fees. Following post-trial motions, the trial court rendered a judgment awarding $100 for the TDCA violation, $300.00 in additional damages under the

DTPA, $14,000 in attorney's fees through trial, plus additional attorney's fees for appeals. The trial court also granted Beall injunctive relief. This appeal timely followed.

## Injunction

In its first issue, Marauder contends the trial court erred in granting the injunction because Beall failed to meet the requirements for injunctive relief. Specifically, Marauder asserts Beall failed to show a probable, imminent, and irreparable injury.

■ Marauder relies upon a provision in the TDCA to support its contention that equitable requirements for an injunction still apply. That provision provides that "[t]his chapter does not affect or alter a remedy at law or in equity otherwise available to a debtor, creditor, governmental entity, or other legal entity." TEX. FIN. CODE ANN. § 392.404(b) (Vernon 2006). This provision is inapplicable to Marauder's position. It addresses remedies available outside of the TDCA. Beall, by contrast, seeks injunctive relief through the TDCA's provision allowing such relief to a debtor.

■ Moreover, Marauder's position is contrary to the law. Where a statute provides for a right to an injunction for a violation, a party does not have to establish the general equitable principles for a temporary injunction. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex.2002); *Republic Ins. Co. v. O'Donnell Motor Co.*, 289 S.W. 1064, 1066 (Tex.Civ.App.-Dallas 1926, no writ). When an applicant relies upon a statutory source for injunctive relief, the statute's express language supersedes the common law injunctive relief elements such as imminent harm or irreparable injury and lack of an adequate remedy at law. *West v. State*, 212

S.W.3d 513, 519 (Tex.App.-Austin 2006, no pet.).

■ We hold that injunctive relief pursuant to the TDCA does not require proof of irreparable injury. We overrule Marauder's first issue. In light of our disposition of Marauder's first issue, we need not address its second issue concerning Beall's failure to plead and prove an irreparable injury.

In its fourth issue, Marauder contends the trial court erred in granting the injunction because the surety bond issue is moot. Specifically, Marauder argues that the zero damages finding renders any interest Beall may have had in the bond proceeds moot. In its fifth issue, Marauder contends that Beall lacks standing to seek an injunction.

■■ The Constitution requires standing to maintain suit. *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex.2001). Standing, however, may be conferred by statute. *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000); *Scott v. Board of Adjustment*, 405 S.W.2d 55, 56 (Tex.1966). A party suing under a statute must establish standing, or the right to make a claim, under that statute. *Scott*, 405 S.W.2d at 56. In these cases, the statute itself provides the framework for the standing analysis. *Williams*, 52 S.W.3d at 178–79; *Scott*, 405 S.W.2d at 56. The standing analysis begins and ends with the statute itself. *Williams*, 52 S.W.3d at 178–79. Under the statute, a person may sue for an injunction to "prevent or restrain" a violation of the TDCA. TEX. FIN.CODE ANN. § 392.403(a) (Vernon 2006). The statute is broadly written. Marauder contends that Beall lacks standing because she has no cognizable interest in any bond proceeds. The statute, however, does not require that she have such an interest. Beall is more than a *person*. She is a debtor who conclusively established a violation by Ma-

rauder of the statute's bond requirement. The framework of section 392.403(a) provides standing to Beall to seek injunctive relief.

A case analogous to this case is *Labrado v. County of El Paso*, 132 S.W.3d 581 (Tex.App.-El Paso 2004, no pet.). In *Labrado*, the court addressed a statute that provided that any property tax paying citizen could enjoin performance of a contract made in violation of the County Purchasing Act. *Id.* at 587. The defendant in that case argued the plaintiffs lacked standing because they were not parties to the contract. The court dismissed this argument as irrelevant because the statute conferred standing to any property tax paying citizen. *Id.* at 588. Just as the lack of an interest in the contract in *Labrado* did not impair the taxpayer's right to seek an injunction, Beall's lack of entitlement to any bond proceeds does not impair her statutory right to prevent any future attempts to collect a debt from her without Marauder having a bond on file. The cases cited by Marauder are inapplicable because they do not involve standing conferred by a statute.

▇ Marauder also complains under its fifth issue that the injunction contains broad language not limited to the protection of Beall. We agree. Beall requested that Marauder be enjoined from "committing acts in violation of the statute(s) cited herein, with regard to actions related to [Beall]." However, the trial court permanently enjoined Marauder from "collecting consumer debts ... in the State of Texas without having an appropriate bond...." Because the trial court granted more injunctive relief than requested by Beall, the injunction is overbroad. It is within our discretion to modify an injunction that is overbroad. *Avila v. State*, 252 S.W.3d 632, 648 (Tex.App.-Tyler 2008, no pet.); *Ctr. for Econ. Justice v. Am. Ins. Ass'n*, 39 S.W.3d 337, 347 (Tex.App.-Austin 2001, no pet.). Accordingly, we modify the trial court's injunction to limit its protection to Beall.

We overrule Marauder's fourth issue. We sustain its fifth issue to the extent that we modify the injunction. In all other respects, we overrule its fifth issue.

## Damages

In its seventh issue, Marauder contends that the award of the $100 under the statute does not constitute actual damages. In its eighth issue, Marauder contends that Beall is not entitled to statutory damages, additional damages, or attorney's fees because she failed to prove that she sustained any actual damages.

In interpreting a statute, our goal is to ascertain and give effect to the Legislature's intent as expressed by the language of the statute itself. *Tex. Parks & Wildlife Dep't v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006). We use definitions prescribed by the legislature and consider any technical or particular meaning that the words have acquired. Tex. Gov't Code Ann. § 311.011(b) (Vernon 2005). Otherwise, we construe the statute's words according to their plain and common meaning unless such a construction leads to absurd results. *University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 356 (Tex.2004); *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex.2004).

▇ In relevant part, section 392.403 provides:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this chapter; and

(2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably re-

lated to the amount of work performed and costs.

\* \* \*

(e) A person who successfully maintains an action under this section for violation of Section 392.101, 392.202, or 392.301(a)(3) is entitled to not less than $100 for each violation of this chapter. TEX. FIN.CODE ANN. § 392.403(a), (b), & (e) (Vernon 2006). The sole purpose of actual damages is compensation. *Texas Pacific Coal & Oil Co. v. Stuard,* 7 S.W.2d 878, 881 (Tex.Civ.App.-Eastland 1928, writ ref'd). For purposes of the deceptive trade practices act, actual damages are the total loss sustained by the consumer. *Kish v. Van Note,* 692 S.W.2d 463, 466 (Tex.1985). A statutory minimum recovery does not require proof of actual damages. *First City Bank–Farmers Branch v. Guex,* 659 S.W.2d 734, 740 (Tex.App.-Dallas 1983), *aff'd,* 677 S.W.2d 25 (Tex. 1984).

Marauder contends that a plaintiff cannot recover the statutory damages under subsection (e) without first proving actual damages. Beall counters that subsection (e) entitles a plaintiff to minimum *actual* damages for violations of one of the three enumerated sections without first proving actual damages. We agree with Beall that proof of actual damages is not a prerequisite to recovery of the damages under subsection (e). We disagree, however, with her characterization of those damages as *actual* damages.

The supreme court addressed a similar statutory provision in *Flores v. Millennium Interests, Ltd.,* 185 S.W.3d 427, 434 (Tex.2005). *Flores* involved section 5.077 of the property code. That section provided that a seller of property who fails to provide an annual statement to a purchaser is liable for liquidated amount plus attorney's fees. *Id.* at 429. The supreme court addressed whether a purchaser had

to prove actual harm or injury to recover the statutory damages. *Id.* at 434. In holding that there was no such requirement, the supreme court noted that nothing in the statute suggested such a requirement. *Id.*

Like the statute in *Flores,* nothing in section 392.403 requires a person to prove actual harm or injury to recover the statutory damages. Thus, there is no relation between the statutory damages and the injury. The purpose of actual damages is to compensate a party. *See Kish,* 692 S.W.2d at 466. If the jury had found that Beall suffered $100 or any amount over $100 as a result of Marauder's failure to post a bond, Beall would not be entitled to the statutory damages. The statutory damages of subsection(e) come into play where the jury finds a violation of one of the three applicable sections but finds that the plaintiff suffered no damages or damages in an amount less than $100 as a result of the violation. Because there is no relation between the statutory damages under subsection (e) and the injury, we hold that such damages are not actual damages. Accordingly, we sustain Marauder's seventh issue.

We turn now to the question of whether a party must successfully maintain a lawsuit to recover the statutory damages. Subsection (e) itself conditions the recovery of the statutory damages to a person who has "successfully maintained an action under this section." This question was addressed by the Austin court of appeals in *Elston v. Resolution Services, Inc.,* 950 S.W.2d 180 (Tex.App.-Austin 1997, no pet.) We agree with the analysis in *Elston* that the plain reading of subsection (e) imposes as a prerequisite to the statutory damages the successful maintenance of a suit. Subsection (e) limits those eligible for $100 to those who successfully

maintain an action under this section. In *Elston*, the court held that the plaintiff was not entitled to statutory damages because she did not successfully maintain a suit for actual damages. The court held that the legislature did not intend to impose an automatic minimum penalty unrelated to successful maintenance of a suit under subsection (a). *Elston*, 950 S.W.2d at 183.

We now face the question left unanswered in *Elston*. That is whether successful maintenance of a suit for an injunction gives rise to an award for the statutory damages under subsection (e). Again, looking to the plain language of the statute, we hold that it does. We have determined that to recover statutory damages, a plaintiff must successfully maintain an action under subsection (a). That action may either be for actual damages *or* an injunction. Thus, that statute allows a plaintiff to recover statutory damages if he obtains injunctive relief *or* actual damages related to one of three statutory violations. Beall successfully sued for and obtained an injunction prohibiting Marauder from further seeking to collect debts in Texas without posting the required bond. Accordingly, we hold that Beall is entitled to statutory damages under subsection (e).

Marauder also complains under its eighth issue that Beall is not entitled to additional DTPA damages because she failed to recover actual damages. We agree. A person may not recover additional damages under the DTPA without sustaining actual damages. *See Farrell v. Hunt*, 714 S.W.2d 298, 300 (Tex.1986). Because we have held that the statutory damages do not constitute actual damages, Beall is not entitled to additional damages under the DTPA. Accordingly, we sustain Marauder's eighth issue to the extent it complains of the additional damages under

the DTPA and reverse the $300 award of additional damages.

## Attorney's Fees

In its third issue, Marauder contends that Beall is not entitled to attorney's fees because she did not recover actual damages. As support, Marauder cites to *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15 (Tex.App.-Tyler 2000, pet. denied). In *Chappell*, it appears the parties sued only for actual damages, not injunctive relief. Because the jury found that the Chappells had not suffered any actual damages as a result of unlawful debt collection efforts, there was no basis for an award of attorney's fees under section 492.403(a)(2). *Id.* at 30–31. In contrast to the parties in *Chappell*, although Beall did not successfully maintain a suit for actual damages, she did successfully maintain a suit for injunction. This distinction renders the holding in *Chappell* inapplicable.

While we agree that Beall did not recover actual damages, she did successfully sue for an injunction. Under section 392.403, Beall may recover attorney's fees if she successfully sues for actual damages *or* for an injunction. Because we have affirmed the injunction, we hold that she is entitled to her attorney's fees. In light of this holding, we need not determine whether the award of $100 in statutory damages constitutes successfully maintaining an action, and thus, support the award of attorney's fees. We overrule Marauder's third issue.

In its sixth issue, Marauder complains the trial court erred in awarding additional attorney's fees not awarded by the jury. Marauder raised this contention with the trial court in its supplemental motion to correct the judgment.

Beall's counsel testified as to his attorney's fees. He testified that his fees were approximately $25,000 through trial. As to appeals, he asked the jury to award $10,000 for an appeal to this Court, $2,500 to prepare a petition to the supreme court, and an additional $5,000 if the supreme court grants the petition. During cross-examination, Marauder questioned Beall's counsel concerning the difficulty of the case, his expertise, and his hourly rate. The jury awarded $14,000 in attorney's fees through trial and zero damages for appeals. Beall filed a motion for judgment notwithstanding the verdict requesting the appellate attorney's fees because they had been established as a matter of law. The trial court awarded the requested fees in its judgment.

Marauder contends that the issue of attorney's fees must be remanded for a new trial. It cites this Court's opinion in *Wagner v. Edlund*, 229 S.W.3d 870 (Tex.App.-Dallas 2007, pet. denied). Citing to the same case, Beall contends the award was proper because her counsel's testimony was uncontroverted. In *Wagner*, the attorney testified that reasonable fees would be $25,000 through trial, $15,000 for an appeal to the court of appeals, $7,500 for a petition to the supreme court, and $7,500 if the petition is granted. The jury awarded $500 through trial, $150 for an appeal to the court of appeals, $75 for a petition to the supreme court, and an additional $75 if the petition is granted. The trial court disregarded the jury's answers and awarded $5,000 for an appeal to the court of appeals, $4,000 for a petition to the supreme court, and an additional $3,000 if the petition is granted. *Id.* at 876–77. This Court recognized that evidence adduced during cross-examination supported a jury awarding an amount less than the amount requested. *Wagner*, 229 S.W.3d at 876. Because a trial court may not disregard a jury's answer on the basis it is

against the great weight and preponderance of the evidence, this Court remanded the issue of attorney's fees to the trial court. *Id.* at 877.

Contrary to Beall's contention, her counsel's testimony on attorney's fees was not uncontroverted. Marauder questioned Beall's counsel extensively regarding the propriety of his hourly rate and his expertise. In fact, the amount of attorney's fees awarded by the jury for trial was approximately $10,000 less than the amount testified to as reasonable by Beall's counsel. As in *Wagner*, the attorney's fees awarded in this case were not established as a matter of law. Accordingly, we remand the issue of attorney's fees to the trial court. *See Wagner*, 229 S.W.3d at 877; *Ahn v. Aluminum Co. of America*, 717 S.W.2d 588, 594 (Tex.1986).

We sustain Marauder's sixth issue. In light of the discrepancy between the attorney's fees awarded by the jury and those awarded by the trial court in its judgment, we remand the issue of attorney's fees to the trial court.

### Post Judgment Interest

In its ninth issue, Marauder contends the trial court erred in imposing a post judgment interest rate that was different from the rate calculated by the Office Of the Consumer Credit Commissioner for the month of June 2008. Beall responds that Marauder has waived this issue.

A complaint regarding the award of post-judgment interest must be preserved in the trial court by a motion to amend or to correct the judgment or by a motion for new trial. *See Allright, Inc. v. Pearson*, 735 S.W.2d 240, 240 (Tex.1987); *Keith v. Keith*, 221 S.W.3d 156, 173 (Tex. App.-Houston [1st Dist.],2006, no pet.). Marauder did not raise an objection to the

post judgment interest rate in the trial court. Accordingly, we hold that it has waived this issue for appeal. We overrule Marauder's ninth issue.

### Conclusion

We sustain Marauder's fifth issue to the extent that it complains of the injunction being too broad and we modify the injunction to limit its protection to Beall. We sustain Marauder's eighth issue to the extent that it complains of the $300.00 in additional damages under the Texas Deceptive Trade Practices Act. We reverse the trial court's judgment with respect to the award of the $300.00 in damages. We sustain Marauder's sixth issue with respect to attorney's fees on appeal and reverse and remand the issue of attorney's fees to the trial court. In all other respects, we affirm the trial court's judgment.