# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00806-CV

Marie Bowser, Appellant

v.

Rodeo Properties, LLC, Appellee

FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NO. C-1-CV-11-006365, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Marie Bowser appeals from the trial court's judgment of possession of certain rental property in favor of appellee Rodeo Properties, LLC. The record reflects that a writ of possession was issued and Rodeo Properties' owner, Marcus Hsia, took possession of the subject property on April 26, 2012.[1] As a preliminary matter, we must consider whether Bowser's eviction from the property renders her appeal moot. For the reasons set forth below, we conclude that it does.

The only issue in a forcible-detainer action is the right to actual possession of the premises. Tex. R. Civ. P. 746; Tex. Prop. Code Ann. § 24.002 (West 2000); *see also Marshall v. Housing Authority of City of San Antonio*, 198 S.W.3d 782, 785-86 (Tex. 2006). In this case, the

---

[1] Bowser stated in her appellate brief and in correspondence with this Court that she was evicted from the property on April 26, 2012. The Court requested a supplemental clerk's record that includes the writ of possession and officer's return, which confirm that the writ of possession was executed in April 2012. *See* Tex. R. App. P. 34.5(c)(1), (3).

trial court issued a judgment and writ of possession on September 1, 2011. The judgment ordered Bowser to vacate the premises and ordered that Rodeo Properties "shall have all writs of execution and other process issued which are necessary to enforce the judgment should Marie Bowser not vacate the premises as ordered, for which let execution issue." On the same day, Bowser filed her notice of appeal and a motion to set an amount for a supersedeas bond in the amount of $100. *See* Tex. Prop. Code Ann. § 24.007 (West Supp. 2012) (requiring filing of supersedeas bond within ten days of signing of judgment to stay judgment in eviction suit pending appeal).[2] On September 6, 2011, the trial court set the amount of the supersedeas bond at $13,140, and Bowser filed an affidavit of inability to pay costs on appeal. *See* Tex. R. App. P. 20.1, 24.2(a)(2). After a hearing, the trial court approved the affidavit of inability to pay and ordered Bowser to deposit rent in the amount of $1,095 on the first of each month during the pendency of the appeal to maintain possession of the property. *See* Tex. Prop. Code Ann. § 24.0053(b) (West Supp. 2012) (providing for payment of rent into court registry during pendency of appeal).

The record reflects that Rodeo Properties filed a notice of default and sworn motion for writ of restitution and writ of possession on March 12, 2012. *See id.* § 24.0054(a-4), (b)-(e) (West Supp. 2012) (establishing procedure for filing sworn motion that tenant has failed to pay rent as required under section 24.0053 to obtain writ of possession because tenant is no longer entitled to stay execution of judgment during appeal). On April 4, 2012, Bowser was served with the motion and notice of the April 9, 2012 hearing date. At the April 9 hearing, the trial court granted

---

[2] We cite to the current version of the property code for convenience because there have been no intervening amendments that are material to our disposition of this appeal.

the writ of possession, which was issued for execution on April 16, 2012. Notice to vacate the premises was posted on the front door of the property on April 17, 2012. Possession of the premises was delivered to Hsia, owner of Rodeo Properties, on April 26, 2012.

Bowser timely indicated her intent to appeal and did not voluntarily give up possession of the property. But at trial both Bowser and Hsia testified that the lease had expired and that Bowser was a holdover tenant on a month-to-month tenancy. Hsia also testified that he had asked Bowser to vacate the property in February 2011. The record shows that Rodeo Properties provided Bowser with the statutorily required three days' written notice to vacate the premises before filing the forcible-detainer suit in April 2011. *See id.* §§ 24.002, .005(a), (h) (West Supp. 2012), 91.001 (West 2007). Therefore, once Bowser failed to comply with the terms of the trial court's order approving her pauper's affidavit and defaulted on her rent payment, she no longer had "a potentially meritorious claim of right to *current, actual* possession" of the property. *See Marshall*, 198 S.W.3d at 787 (emphasis added). Bowser has presented no basis for claiming a *right* to possession after May 2011 at the latest.[3] *See* Tex. Prop. Code Ann. § 91.001 (providing that month-to-month tenancy terminates one month after day on which notice of termination is given). Moreover, she no longer has *actual* possession of the property. Consequently, there is no longer a

---

[3] Although Bowser asserted below and continues to assert on appeal that the parties had entered into a purchase-option agreement in addition to the rental agreement, the option agreement does not provide any independent basis for Bowser's continued possession of the property. The option agreement fails to establish a potentially meritorious claim of right to possess the property because (1) the option agreement in the record is unsigned; (2) there is no evidence in the record that Bowser ever provided the written notice of her intent to exercise the option that the agreement requires; (3) the option agreement expired on March 31, 2008; and (4) the agreement is automatically void for failure to make any rent payment due within 15 days of the due date.

3

live controversy concerning the issue of possession for this Court to decide, and thus, Bowser's appeal is moot. *See id.*

Having determined that the case has become moot on appeal, we vacate the underlying judgment without consideration of the merits and dismiss the appeal as moot. *See, e.g.*, *Marshall*, 198 S.W.3d at 788-89; *Texas Parks & Wildlife Dep't v. Texas Ass'n of Bass Clubs*, 622 S.W.2d 594, 596 (Tex. 1981) ("When an appeal is moot, the judgment is set aside and the cause is dismissed.").

_____

Diane M. Henson, Justice

Before Justices Puryear, Pemberton and Henson

Vacated and Dismissed as Moot

Filed:   December 28, 2012