**REVERSE and REMAND; and Opinion Filed July 21, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00902-CV

### WEINSTEIN & RILEY, P.S., Appellant
### V.
### LARRY BLANKENSHIP, JACKIE ABBOTT, MICHAEL JANSKY, AND CARL D. TILLERY, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, Appellees

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-10-05153A**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Lang-Miers

In this interlocutory appeal appellant Weinstein & Riley, P.S. (W&R) appeals an order granting class certification.[1] In three issues on appeal W&R argues that (1) the trial court lacked subject matter jurisdiction over appellees' claim, (2) appellees did not establish essential elements of a class action under Texas Rule of Civil Procedure 42, and (3) the certification order does not comply with rule 42(c)(1)(D). We resolve W&R's first issue in its favor and do not reach its remaining issues. We reverse the class certification order and remand this case to the trial court with instructions to dismiss appellees' claim for injunctive relief for lack of subject matter jurisdiction.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(3) (West 2015).

BACKGROUND

Appellees Larry Blankenship, Jackie Abbott, and Micheal Jansky allege that they received "demand letters" from W&R, a law firm based in Washington engaged in third-party debt collection in Texas. Appellees filed suit against W&R and several individuals asserting claims for violation of the federal Fair Debt Collection Practices Act, violation of the Texas Debt Collection Act (chapter 392 of the Texas Finance Code), and for the unauthorized practice of law. Appellees settled their federal and state law claims against the individuals and apparently abandoned their claim against W&R for the unauthorized practice of law. At the time of the hearing on appellees' motion for class certification, the only claim at issue was their claim against W&R seeking injunctive relief relating to an alleged violation of the TDCA that predated the lawsuit, as described more fully below.

The trial court signed a class certification order naming appellees Blankenship, Abbott, and Jansky as class representatives, appointing appellee Carl D. Tillery as class counsel,[2] and certifying a class of "[a]ll persons who were subjected to debt collection from Weinstein & Riley P.S. during the period of July 30, 2006 to November 17, 2009." In its findings of fact and conclusions of law the trial court explained that the reason for that particular date range is because "[d]uring the period of July 30, 2006 to November 17, 2009 Weinstein & Riley P.S. did not have a copy of a surety bond in the name of Weinstein & Riley P.S. on file with the Texas Secretary of State." The trial court also stated that a common question of law or fact in this case is "[w]hether each Class member is entitled to injunctive relief to prevent [W&R] from debt collecting in Texas without obtaining a surety bond in its true business or professional name or

---

[2] Carl D. Tillery is named as an appellee in this case because he was named as a plaintiff and putative class representative in connection with the claim for the unauthorized practice of law that was apparently abandoned before the class was certified.

personal or legal name and filing a copy of such bond with the secretary of state." W&R appeals from that order.

## ANALYSIS

In its first issue on appeal W&R argues that the trial court lacked subject matter jurisdiction over appellees' claim for injunctive relief. Subject matter jurisdiction is essential to a court's authority to decide a case. *Stauffer v. Nicholson*, 438 S.W.3d 205, 213 (Tex. App.—Dallas 2014, no pet.). "Subject matter jurisdiction requires that the party bringing the suit have standing, that there be a live controversy between the parties, and that the case be justiciable." *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). W&R argues, among other things, that there is no live controversy. We agree with W&R.

The material facts are undisputed. In 2003, W&R, which at the time was known as Weinstein, Treiger & Riley, P.S., obtained a third-party debt collector surety bond as required under section 392.101 of the Texas Finance Code,[3] and filed a copy of the bond with the secretary of state. In 2005, W&R executed a rider with the bond company reflecting its name change from Weinstein, Treiger & Riley, P.S. to Weinstein & Riley, P.S. W&R filed the name-change rider with the secretary of state on November 17, 2009.

---

[3] Section 392.101, titled "Bond Requirement" states:

> (a) A third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state.
>
> (b) The bond must be in favor of:
>
>> (1) any person who is damaged by a violation of this chapter; and
>>
>> (2) this state for the benefit of any person who is damaged by a violation of this chapter.
>
> (c) The bond must be in the amount of $10,000.

TEX. FIN. CODE ANN. § 392.101 (West 2006).

Appellees filed their petition in July 2010. In their petition appellees did not allege or seek any actual damages in connection with the delayed filing of the name-change rider, including statutory damages under section 392.403(e). Instead, they generally sought to "prevent and restrain" W&R "from engaging in debt collection in Texas in violation of the Texas Finance Code, Chapter 392."

Appellees argue that the TDCA entitles them to injunctive relief under these circumstances. Appellees rely on four sections of the TDCA. First, they rely on section 392.101(a), which requires third-party debt collectors to obtain a surety bond and file a copy of that bond with the secretary of state. TEX. FIN. CODE ANN. § 392.101(a) (West 2006). Second, they rely on section 392.304(a)(1)(A), which prohibits debt collectors from using a name other than the "true business or professional name or the true personal or legal name of the debt collector while engaged in debt collection." *Id.* § 392.304(a)(1)(A). Third, they rely on section 392.403(a)(1), which states that a person may sue for "injunctive relief to prevent or restrain a violation of this chapter." *Id.* § 392.403(a)(1). Finally, they rely on section 392.403(e), which states that "[a] person who successfully maintains an action under this section for violation of section 392.101 . . . is entitled to not less than $100.00 for each violation of this chapter." *Id.* § 392.403(e). Reading these sections together, appellees argue that they are entitled to injunctive relief because they "established that [W&R] violated section 392.101." We disagree. As the Supreme Court has explained, "[p]ast exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief [ ] if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

To support their argument appellees rely on *Marauder Corp. v. Beall*, 301 S.W.3d 817 (Tex. App.—Dallas 2009, no pet.). In *Marauder* the plaintiff established a violation of the TDCA's bond requirement and obtained an injunction under section 392.403 enjoining the

–4–

defendant from collecting debts without having an appropriate bond. *Id.* at 821. *Marauder* is distinguishable, however, because in that case it does not appear that whatever violation of the bond requirement occurred was remedied before the lawsuit was filed.

A case closer to this one is *Elston v. Resolution Services, Inc.*, 950 S.W.2d 180 (Tex. App.—Austin 1997, no writ). In *Elston* a plaintiff sued a debt collector that did not have a bond on file with the secretary of state. The plaintiff sought injunctive relief requiring the debt collector to comply with the bond requirement in the future. After the lawsuit was filed the debt collector filed the bond and the trial court denied the injunction. On appeal, albeit in dictum, the appellate court stated that it would have upheld the trial court's decision to deny injunctive relief because the claim was rendered moot when the debt collector filed the bond. *Id.* at 184.

Even if W&R committed a prior violation of the finance code by not filing its name-change rider with the secretary of state until November 2009, which we need not decide today, the name-change rider was on file months before appellees filed this lawsuit. Although section 392.403(a)(1) states that a person may sue for injunctive relief to "prevent" a violation of finance code, we do not construe this to mean that a person is entitled to seek prospective injunctive relief against any debt collector predicated upon a hypothetical contingency that the debt collector might violate a provision of the finance code at some unknown point in the future. *See, e.g.*, *Tex. Parks & Wildlife Dep't v. Tex. Ass'n of Bass Clubs*, 622 S.W.2d 594, 596 (Tex. App.—Austin 1981, writ ref'd n.r.e.) ("Courts are not empowered to decide cases predicated upon future contingencies.").

Appellees also suggest that there is a live controversy in this case because section 392.403(e) provides for statutory damages when someone "successfully maintains an action under this section for violation of section 392.101." But in this case appellees did not seek

statutory damages, and they cannot successfully maintain an action because there is no continuing injury that injunctive relief could redress.

Citing *Texas A&M University-Kingsville v. Yarbrough*, 347 S.W.3d 289 (Tex. 2011), appellees argue that their claim for injunctive relief in this case falls under the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." That rare exception, however, requires proof that "(1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2000). In this case the alleged violation continued for more than three years, and appellees have not shown a reasonable expectation that they will be subject to the same alleged violation again. As a result, the exception to the mootness doctrine does not apply.

Finally, appellees also argue that it would "destroy the very essence of the bonding requirements of the Finance Code" if a third-party debt collector can moot a claim like theirs by "filing a bond upon a moment's notice." We disagree. The essence or purpose of the bond requirement is to protect consumers, and that purpose is met when a bond is filed in compliance with section 392.101.

We conclude that the trial court lacks subject matter jurisdiction over appellees' claim for injunctive relief because there is no live controversy that injunctive relief could redress. As a result, the class certification order is void. *See generally In the Interest of S.J.G.*, No. 05-13-01351-CV, 2015 WL 1611833, at *2 (Tex. App.—Dallas Apr. 9, 2015, pet. filed) (mem. op.) (noting order is void when issuing court lacks subject matter jurisdiction).

## CONCLUSION

We resolve W&R's first issue in its favor and do not need to address W&R's alternative arguments that (1) appellees did not establish essential elements of Texas Rule of Civil

Procedure 42, and (2) the certification order does not comply with rule 42(c)(1)(D). We reverse the class certification order and remand this case to the trial court with instructions to dismiss appellees' claim for injunctive relief for lack of subject matter jurisdiction.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

140902F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WEINSTEIN & RILEY, P.S., Appellant

No. 05-14-00902-CV      V.

LARRY BLANKENSHIP, JACKIE
ABBOTT, MICHAEL JANSKY, and CARL
D. TILLERY, INDIVIDUALLY AND ON
BEHALF OF A CLASS OF SIMILARLY
SITUATED PERSONS, Appellees

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-10-05153A.
Opinion delivered by Justice Lang-Miers.
Justices Brown and Schenck participating.

In accordance with this Court's opinion of this date, the class certification order is **REVERSED** and this cause is **REMANDED** to the trial court with instructions to dismiss appellees' claim for injunctive relief for lack of subject matter jurisdiction.

It is **ORDERED** that appellant Weinstein & Riley, P.S. recover its costs of this appeal from appellees Larry Blankenship, Jackie Abbott, Michael Jansky, and Carl D. Tillery.

Judgment entered this 21st day of July, 2015.