# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00759-CV

**EKDE Group, LLC, Appellant**

**v.**

**Dominique Moscow, Keyla Vega, and All Occupants, Appellees**

## FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY
## NO. 23CCV01168, THE HONORABLE PAUL A. MOTZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant EKDE Group, LLC filed a notice of appeal challenging the trial court's final judgment in this forcible-detainer case awarding possession of certain rental property to appellees Dominique Moscow, Keyla Vega, and all occupants. The October 30, 2023 final judgment ordered that appellees retained possession of the property and also ordered that the Bell County Clerk should issue a check payable to EKDE Group in the amount of $1,199 from rent held in the trial court's registry. The order stated that each side was responsible for its own legal fees and court costs.

Appellees filed a motion to dismiss asserting that the Court should dismiss this appeal as moot because there is no longer an actual controversy between the parties. In the motion, appellees inform the Court that they moved out of the property and received a final accounting in September 2023. Appellees state that they "are no longer in possession of the

property and do not assert a potentially meritorious claim of right to current, actual possession of the Subject Property." Therefore, the appellees contend, the appeal is moot because "[t]he only issue in a forcible detainer action is the right to actual possession of the premises." *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785-86 (Tex. 2006); *see also* Tex. R. Civ. P. 510.1-.13 (rules of practice governing eviction cases in justice courts and appeals to county courts); Tex. Prop. Code § 24.002 (establishing elements of forcible detainer and requirements for demand for possession).

EKDE Group did not file a response to the motion to dismiss. The record reflects that rent in the amount of $1,199 was deposited in the trial court's registry, indicating that there were sufficient funds for the County Clerk to comply with the trial court's order to issue a check in that amount to EKDE Group. In the absence of a response from the EKDE Group that there is some live controversy remaining between the parties, we agree with appellees that the issue of possession has become moot on appeal. *See Marshall*, 198 S.W.3d at 787 (concluding that absent live controversy between parties as to right of current possession after tenant's lease expired, issue of possession became moot); *see also Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (holding that case becomes moot if controversy ceases to exist between parties at any stage of proceedings).

Having determined that the possession issue has become moot on appeal, we grant appellees' motion to dismiss. We vacate the trial court's judgment awarding possession without consideration of the merits and dismiss the case as moot. *See, e.g., Marshall*, 198 S.W.3d at 788-89; *Texas Parks & Wildlife Dep't v. Texas Ass'n of Bass Clubs*, 622 S.W.2d 594, 596 (Tex. 1981) ("When an appeal is moot, the judgment is set aside and the cause is

dismissed."); Tex. R. App. P. 43.2(e) (appellate court may vacate trial court's judgment and dismiss case).

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Smith

Vacated and Dismissed as Moot

Filed:   December 22, 2023