Joe CHRISTIE, Chairman of the State Board of Insurance, et al., Appellants,

v.

ARGONAUT INSURANCE COMPANIES, Appellee.

No. 12376.

Court of Civil Appeals of Texas, Austin.

Nov. 19, 1975.

John L. Hill, Atty. Gen. of Texas, Thomas M. Pollan, Asst. Atty. Gen., Austin, for appellants.

J. Sam Winters, Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

O'QUINN, Justice.

Argonaut Insurance Companies brought this suit in district court of Travis County on July 1, 1975, for declaratory judgment and to enjoin the Chairman and members of the State Board of Insurance, the Commissioner of Insurance, and their agents and employees from enforcing certain provisions of an Act of the Legislature, effective on June 3, 1975, regulating professional liability insurance for physicians, podiatrists, and hospitals in this state.

The regulatory Act, which under its declared emergency became effective immediately with signature of the Governor on June 3, 1975, contained a requirement that an insurer issuing a policy of professional liability insurance covered by the statute "give at least 90 days' written notice to an insured if premiums on the insurance are to be increased or the policy is to be cancelled or nonrenewed other than for nonpayment of premiums or because the insured is no longer licensed." (Acts 1975, 64th Leg., ch. 330, S. B. 466; Texas Insurance Code, Art. 5.82, sec. 7).

The trial court, after hearing on the injunctive issues and without reaching the merits, found that Argonaut had vested rights and that enforcement of the "90-day notice provision . . . during the first 90 days operation of the law" would work irreparable injury to Argonaut. The court by order entered July 29, 1975, enjoined defendants "*during the first 90 days following the effective date of the Act* from enforcing or attempting to enforce the 90-day notice provision and from giving or attempting to give a retroactive effect to any previously charged rate during such period and from taking any other action which would prevent plaintiffs [plaintiff] from cancelling or nonrenewing policies during the said 90 day period." (Emphasis added)

Defendants have appealed, and the parties have filed briefs and on November 5, 1975, made oral arguments. Argonaut filed

its motion on October 9, 1975, to dismiss on the ground that the order granting temporary injunction is moot, the order having terminated by its own terms on September 1, 1975.

Argonaut filed suit on July 1, 1975, and the trial court on that date entered its order temporarily restraining defendants from enforcing the 90-day notice provision of the Act and from refusing to recognize the rates filed by Argonaut as approved, pending formal approval or disapproval, "and from taking any other action which would prevent plaintiff from refusing to renew policies of insurance" in event the State Insurance Board should refuse to approve the rates filed by Argonaut.

The trial court's restraining order was extended until the hearing on temporary injunction, when the order appealed from was entered by the court.

The record shows that outstanding insurance policies in force on June 3, the effective date of the Act, were subject to renewal on July 1, 1975, and that, under protection of the temporary restraining order, Argonaut issued new policies to insureds whose policies were subject to renewal on that date, without first giving 90 days' notice as required by the Act.

█ The temporary injunction by its own terms did not extend beyond September 1, 1975. Defendants filed the statement of facts and transcript in this Court on August 25, 1975, seven days before the trial court's order expired. Defendants filed their appellants' brief on September 17, 1975, and plaintiff filed a brief and motion to dismiss on October 9, 1975. It is obvious that when the record was filed in this Court a final judgment on the injunctive order could not have been had prior to expiration of the trial court's order on September 1. An appeal under such circumstances is moot, and an appeal from an order imposing restraint on action for a certain period of time becomes moot on expiration of the period fixed in the order. *Sterling v. Ferguson*, 122 Tex. 122, 53 S.W.2d 753 (1932); *Speed v. Keys*, 130 Tex. 276, 109 S.W.2d 967 (1937); *Texas State Federation of Labor v. Brown & Root, Inc.*, 233 S.W.2d 622 (Tex.Civ.App. Austin 1950, writ ref.).

█ It is settled that appellate courts do not decide cases where no actual controversy exists between the parties at the time of hearing. *City of West University Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638 (1939).

█ When an appeal is from an order granting a temporary injunction, as in this case, and that phase of the cause has become moot on appeal, the general rule that previous orders are set aside by the appellate court applies, and that portion of the case will be dismissed, leaving the main case still pending on its merits. *Texas Foundries, Inc. v. International Moulders and Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460, 461 (1952); *Guajardo v. Alamo Lumber Company*, 159 Tex. 225, 317 S.W.2d 725 (1958); *Zuniga v. U. S. Investors, Inc.*, 453 S.W.2d 811 (Tex.1970); *Ralston v. Ralston*, 476 S.W.2d 775, 778 (Tex. Civ.App. Beaumont 1972, no writ).

The trial court expressly declined to "enter any declaratory judgment as to the effect of the rates which plaintiffs have [plaintiff has] filed with the Board and defers action on this issue until final hearing on the merits." The court found that Argonaut had vested rights and that enforcement of the 90-day notice provision of the Act during the first 90 days of the operation of the law would work irreparable injury. "The parties are left in *status quo*," the court stated, "as to rates as of June 3, 1975," the effective date of the Act.

The orders of the trial court pertaining to the temporary injunction are set aside, and, insofar as it relates to the matter of the temporary injunction, the cause is dismissed at appellants' cost. We do not have before us, and do not pass on, whether the trial court was justified in issuing the temporary injunction, and the order of dismissal is entered without prejudice to such further

actions as the parties and the district court may take with reference to the case on the merits. *West v. Culpepper*, 135 Tex. 156, 140 S.W.2d 166 (1940); *Zuniga v. U. S. Investors, Inc., supra.*

Insofar as the case relates only to the temporary injunction the cause is dismissed.

Temporary injunction set aside and cause dismissed in part.