**EMPLOYERS MUTUAL CASUALTY COMPANY, Appellant,**

**v.**

**Abner L. COXSEY, Jr., Appellee.**

**No. 2–86–081–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 9, 1986.

Strasburger & Price and W. Neil Rambin and P. Michael Jung, Dallas, for appellant.

Bernard J. Dolenz, David K. Line, Dallas, for appellee.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

OPINION

HILL, Justice.

Employers Mutual Casualty Company appeals from an injunction order entered by the trial court on its own motion prior to the trial of the underlying worker's compensation suit. The court enjoined Employers and numerous others named therein from taking any action in any other court which would interfere with the trial on

Monday, April 21, 1986, at 9:00 a.m., its scheduled time. Employers presents seven points of error in which it contends that the trial court's injunction order was void.

We reverse the injunction order of the trial court, because we find that it was an invalid attempt by a state court to restrain federal court proceedings.

In point of error number one, Employers urges that the injunction order is void insofar as it relates to federal actions. The United States Supreme Court has held that state courts are completely without power to restrain federal court proceedings in in personam actions. *Donovan v. Dallas*, 377 U.S. 408, 412–14, 84 S.Ct. 1579, 1581–83, 12 L.Ed.2d 409, 413–14 (1964). It does not matter that the prohibition is addressed to the parties rather than to the court itself. *Id.* The right to pursue federal court remedies was granted by Congress and cannot be taken away by the State. *Id.*

In preparation for the underlying workers' compensation case, which involved an allegation of occupational disease, Employers sought to depose an inspector for the Occupational Safety and Health Administration. Upon the inspector's failure to attend the deposition, Employers filed a contempt action in a state district court in Dallas County, the county where the deposition was to have been taken. The inspector removed the contempt action to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C.A. sec. 1442(a)(1) (West 1973). On Thursday, April 17, 1986, Employers filed in the federal court a motion for a temporary restraining order against Abner L. Coxsey, Jr., the appellee herein, to prevent the trial of the underlying workers' compensation suit, scheduled to begin at 9:00 a.m. on April 21, 1986, before the federal court had an opportunity to rule on the merits of the action seeking the inspector's deposition. At 2:40 p.m. on Friday, April 18, 1986, United States District Judge A. Joe Fish entered a temporary order restraining Coxsey and his attorneys from further prosecution of the workers' compensation case for ten days or until further

order of the court. The state trial judge was informed of this order that same afternoon.

At 8:00 a.m. on Monday, April 21st, the court, on its own motion and without pleading, notice, hearing, or evidence, entered the following injunction order:

### INJUNCTION ORDER

It having come to the attention of the Court that the Defendant herein, Employers Mutual Casualty Company, through its agents, servants, employees, and attorneys, and perhaps other parties, has filed proceedings in either a Dallas District Court or a Federal Court in Dallas, or perhaps both, which would interfere with this Court's jurisdiction to try this case which is set for trial at 9:00 A.M., Monday, April 21, 1986, Article V, Sec. 8 of the Texas Constitution charges this Court with the duty of protecting its jurisdiction to try this case at the time scheduled.

IT IS, THEREFORE, ORDERED AND DECREED that the Defendant, Employers Mutual Casualty Company, its agents, servants, employees, and attorneys, and the Plaintiff, Abner L. Coxsey, Jr., his agents, servants, and employees and attorneys, the United States of America, its agents, servants, and employees and attorneys, and all other persons are hereby enjoined and prohibited from prosecuting, defending, or participating in any way in any action in any other Court, whether State or Federal, which would interfere in any way with the orderly trial of this cause at 9:00 A.M., Monday, April 21, 1986, in this Court.

Signed this 21st day of April, 1986, at 8:00 A.M.

/s/ JOHN STREET
District Judge Presiding

The case proceeded to trial at the scheduled time, with the attorney for Coxsey announcing ready. Later in the day of April 21st, Employers moved in federal court for an order for Coxsey's attorney to

show cause why he should not be held in contempt for violating Judge Fish's temporary order.

On April 22, 1986, Employers perfected its appeal from the injunction order to this court. We have stayed the injunction order pending the disposition of this appeal. Coxsey has subsequently filed a motion in the state district court to find Employers and its attorneys in contempt of the court's injunction order because of their actions in initiating contempt and other actions in the federal court and for seeking and obtaining a stay in this court.

■ Ordinarily, an appeal from an order imposing restraint on action for a certain period of time becomes moot on expiration of the period fixed in the order. *Speed v. Keys*, 130 Tex. 276, 109 S.W.2d 967 (1937); *Christie v. Argonaut Ins. Companies*, 530 S.W.2d 334, 336 (Tex.Civ.App.—Austin 1975, no writ). We find that the pending contempt motion prevents us from concluding that the appeal before us has become moot.

■ The injunction order issued by the state district judge was invalid because a state court lacks authority to enjoin federal court proceedings in in personam proceedings, nor does it have the authority to enjoin the parties in such federal proceedings from pursuing their federal court remedies. Coxsey urges that the state district judge was acting pursuant to his authority under TEX. CONST. art. V, sec. 8 to issue an injunction necessary to enforce its jurisdiction. Such an argument overlooks U.S. CONST. art. VI which states, "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof … shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." *Id.* Therefore, even though ordinarily a state district judge might have the authority under the Texas Constitution to issue an injunction to enforce its jurisdiction, such an order issued for the purpose of enjoining federal court in personam proceedings is invalid

for the reason that the United States Supreme Court has held that such an order is contrary to the laws of the United States. We sustain point of error number one.

In view of the disposition of point of error number one, we find that it is unnecessary to consider the remaining points of error.

We reverse and order the trial court's injunction order dissolved.