**F.W. LUDEWIG and Vesterlene Ludewig, Appellants,**

v.

**HOUSTON PIPELINE COMPANY and Intrastate Gathering Corp., Appellees.**

No. 13–87–163–CV.

Court of Appeals of Texas, Corpus Christi.

June 30, 1987.

Rehearing Denied Aug. 28, 1987.

Glen M. Bourdreaux, Allan Hoffman, Houston, Roger D. Bellows, George West, for appellants.

William H. Keys, Victor M. Carrera, Dean Patton, Beeville, for appellees.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from an order amending an order granting a temporary injunction.

Houston Pipeline Company and Intrastate Gathering Corporation originally brought a condemnation suit seeking a permanent easement through appellants' land for pipeline purposes. Appellants later brought a trespass to try title suit complaining that the pipeline that was laid was not within the easement sought. The pipeline company filed an application for a temporary injunction which sought to restrain appellants from interfering with the pipeline laying activity. After a hearing, the trial court signed an order granting a temporary injunction on January 15, 1986. It is undisputed that this order was not in compliance with Tex.R.Civ.P. 683 because it did not set a certain trial date.

On January 28, 1987, more than one year after the injunction order was entered, appellants filed a motion to dissolve the in-

junction. Appellants motion to dissolve specifically pointed out the lack of a setting date in the injunction order. The trial court then amended its order by setting the case for trial, but did not specifically rule on appellants' motion to dissolve the temporary injunction.

Appellants raise five points of error on appeal. By their first point, they claim the trial court erred in entering an order amending its prior order because the earlier order was void and was not subject to amendment. Their second through fifth points allege that the second order lacks findings essential to an order granting a temporary injunction. We overrule all the points of error and affirm the judgment of the trial court.

■ First, we note that appellants did not appeal the temporary injunction signed in January 1986, even though that order was clearly appealable. Tex.Civ.Prac. & Rems.Code Ann. § 51.014(4) (Vernon 1986). They claim that the court's January 1986, injunction order was void *ab initio,* and did not have to be appealed to be set aside. They rely on the Supreme Court's opinion in *Interfirst Bank San Felipe N.A. v. Paz Construction Co.,* 715 S.W.2d 640 (Tex. 1986). In *Interfirst,* the temporary injunction order failed to set a trial date. The Court held that a temporary injunction which does not adhere to the requirements of Rule 683 is *"subject to being declared void* and dissolved." *Id.* at 641. (emphasis ours) In *Cook v. Cameron,* 733 S.W.2d 137 (1987), the Supreme Court held that a judgment is void only when the court rendering judgment had no jurisdiction over the parties or subject matter, no jurisdiction to enter judgment or no capacity to act as a court. Errors other than jurisdiction render the judgment voidable and must be attacked within the time prescribed by the rules of civil procedure. We agree that had appellants appealed from the original judgment, the injunction should have been dissolved. However, the time limits for appealing that judgment have long past, and the error is not now subject to review.

■ This brings us to the trial courts' amendment of the temporary injunction. The order amending the temporary injunction is not an appealable order. Appellants may not now "tack" a non-appealable order to an otherwise appealable order in order to readjust the appellate time table so as to secure our review of the case. *See City of Arlington v. Texas Electric Service Co.,* 540 S.W.2d 580 (Tex.Civ.App.—Ft. Worth 1976, writ ref'd n.r.e.). The defect in question was in the original order from which appellants should have appealed and elected not to do so. Regardless, even if the amended order was appealable, it reflects a setting date which makes the injunction order proper in all respects.

■ Appellants' also complain of the procedural defects in the amended order. Specifically, appellants say that the order does not specify the acts forbidden; it does not require a bond; or include evidence to show entitlement to injunctive relief. It is clear from the amended order that it refers back to the order of January 15, 1986, which specifies the acts forbidden, requires a bond, and makes reference to an evidentiary hearing. Appellants' arguments are without merit.

We pause to note that this case may be moot. During oral argument counsel indicated that a jury verdict had been rendered in appellants' favor and they were awaiting the trial court's judgment. We decline to assess a frivolous appeal penalty against appellants which was raised for the first time during oral argument.

The judgment of the trial court is AFFIRMED.