CV5-270 

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00270-CV

Rufus Gaut, C. W. Crouch, Omni Capital Corporation,

and Credwell Corporation, Appellants

v.

Amarillo Economic Development Corporation and American Airlines, Inc., Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. 95-04034, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING

PER CURIAM

 Appellants (1) sought a temporary injunction to restrain any expenditure of funds
under a contract, the "Air Service Agreement," between Amarillo Economic Development
Corporation (AEDC) and American Airlines. This appeal arises from the trial-court order
denying appellants' request for temporary injunctive relief. See Tex. Civ. Prac. & Rem. Code
Ann. § 51.14(4) (West Supp. 1995); Tex. R. App. P. 42(a)(1). Because the trial court has now
rendered a final judgment in the underlying proceeding, we will dismiss the appeal as moot.

 On November 1, 1995, the trial court rendered a final judgment in appellees' favor,
declaring the "Air Service Agreement" valid and enforceable. If a trial court renders a final
judgment during the appeal of an order denying temporary injunctive relief, the cause on appeal
becomes moot. Isuani v. Manske-Sheffield Radiology Group, P.A., 802 S.W.2d 235, 236 (Tex.
1991); PCA Health Plans of Tex., Inc. v. Rapoport, 882 S.W.2d 522, 525 (Tex. App.--Austin
1994, no writ). When a cause becomes moot on appeal, the appellate court must set aside all
orders relating to the temporary injunction and dismiss the cause. Isuani, 802 S.W.2d at 236;
Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 248 S.W.2d 460,
461 (Tex. 1952); Christie v. Argonaut Ins. Co., 530 S.W.2d 334, 336 (Tex. Civ. App.--Austin
1975, no writ). To decide the appeal under these circumstances would constitute an advisory
opinion on an abstract question of law. Texas Parks & Wildlife Dep't v. Texas Ass'n of Bass
Clubs, 622 S.W.2d 594, 596 (Tex. App.--Austin 1981, writ ref'd n.r.e.). On the other hand, to
dismiss only the appeal would effectively affirm the trial-court judgment without consideration
of any assignments of error. Texas Foundries, Inc., 248 S.W.2d at 461.

 Accordingly, we set aside the order denying the request for temporary injunctive
relief and dismiss the portion of the cause pertaining to the request for temporary injunctive relief. 
Id. We express no opinion as to the final judgment that declared the contract valid as it is not
before this Court for review in this appeal. See Davis v. Huey, 571 S.W.2d 859, 861-62 (Tex.
1978); Public Util. Comm'n v. Coalition of Cities for Affordable Util. Rates, 776 S.W.2d 224,
226 (Tex. App.--Austin 1989, no writ) (in interlocutory appeal, review is confined to validity of
order that denies injunctive relief).

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Order Set Aside and Cause Dismissed

Filed: December 6, 1995

Do Not Publish
1. [1] Appellant Rufus Gaut was the plaintiff in the trial court. Appellants C. W. Crouch,
Omni Capital Corporation, and Credwell Corporation were intervenors.