ACCEPTED
04-15-00360-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/18/2015 3:38:03 PM
KEITH HOTTLE
CLERK

NO. 04-15-00360-CV

\* \* \*

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
8/18/2015 3:38:03 PM
KEITH E. HOTTLE
Clerk

\* \* \*

ANDY SANCHEZ,

Appellant

V.

JOHN H. MILLER, JR. CO., INC.,

Appellee

\* \* \*

**BRIEF OF APPELLEE**

Stephen B. Schulte
State Bar No. 17836500
STEPHEN B. SCHULTE, P.C.
820 Main Street, Suite 100
Kerrville, Texas 78028

Attorney for Appellee
John W. Miller, Jr. Co., Inc.

# TABLE OF CONTENTS

Index of Authorities  .................................................................................3

Statement of The Case  .............................................................................4

Procedural History  ..................................................................................4

Summary of the Argument  .......................................................................7

Argument  ................................................................................................7

    A.    The Trial Court's May 20 Order Is Not A Temporary
        Injunction That Requires A Bond (Response To Issue 1) ………….7

    B.    The Trial Court's Previous Injunction Is Supported By Sufficient
        Evidence (Response To Issue 2) ………………………………...10

Prayer For Relief …………………………………………………………11

Certificate of Service ……………………………………………………...12

**INDEX OF AUTHORITIES**

<u>Cases</u>                                                                 <u>Page</u>

*Bishop v. Clawson,* 2012 WL 19668 (Tex. App.—Houston
[14th Dist.] 2012, n.w.h.)                                              9, 10

*Del Valle I.S.D. v. Lopez,* 845 S.W.2d 808 (Tex. 1992)                        9

*F.W. Ludewig v. Houston Pipeline Co.,* 737 S.W.2d 15
(Tex. App.—Corpus Christi 1987, n.w.h.).                            8, 9, 11

## STATEMENT OF THE CASE

This lawsuit is between appellee John W. Miller, Jr. Co., Inc., which does business as National Car Sales in Kerrville, Texas ("National"), and its former employee, appellant Andy Sanchez. After Sanchez quit the company and started competing with National, National filed suit to enforce a non-competition agreement and to collect commissions it had overpaid to Sanchez. The trial court, the Honorable Rex Emerson, temporarily enjoined Sanchez from competing with National pending trial, but Sanchez ignored the order. At the contempt hearing, Sanchez argued that the injunction had expired. The trial court disagreed and this appeal ensued.

## PROCEDURAL HISTORY

National filed this lawsuit in 2014 against Sanchez to enforce a non-competition agreement and to collect overpaid commissions. (CR 4). On June 12, 2014, the trial court entered a temporary restraining order that, among other things, restrained Sanchez from competing with National. (CR 10). The trial court conditioned the order on the filing of a $100.00 bond and set a hearing for a temporary injunction. (CR 11). National posted a cash bond. (Supp. CR 4).

The Court heard National's Application for Temporary Injunction on June 24, 2014, at which Sanchez appeared and testified. (CR 5, RR(6/24) 41). The trial court then entered a temporary injunction against Sanchez, enjoining him from

4

engaging in retail sales and the purchase of used motor vehicles for the purpose of reselling (on a wholesale basis) those vehicles in Kerr County or counties immediately adjacent to Kerr County. (Supp. CR 5). The trial court also ordered that "Plaintiff's bond shall remain on file." (Supp. CR 5-6). It set the case for trial on August 7, 2014. [1]

Sanchez did not appeal the Temporary Injunction. Later, Sanchez filed a jury demand and the case was removed from the August 7 docket on the trial court's own initiative, without putting a new trial setting in place. (RR(5/6) 7-8; CR 33).

Despite the temporary injunction, Sanchez continued to compete with National in the wholesale car business, participating in at least 65 wholesale vehicle transactions with one Kerrville-area business from the date of the temporary restraining order to January 27, 2015. (Supp. CR 23-24). So National filed a motion for contempt. (CR 18).

On May 6, 2015, the trial court heard National's motion for contempt. At the hearing, Sanchez claimed that the temporary injunction had expired by its terms on August 7, 2014. (RR 6). The trial court disagreed, but declined to continue with the contempt proceeding:

---

[1] The trial court later amended the injunction order to correct the June order, which was misnamed "Temporary Restraining Order". (CR 16).

5

> THE COURT: Mr. Schulte, if you will – the problem, Mr. Ellison, is the fact that, having been at the initial temporary orders or the orders hearing in June, I know it was the parties' intentions that this order was going to carry to trial or until further order of the Court. Even though paragraph 4 is ambiguous enough that I don't think you can enforce it under contempt, given the parties' intentions and the wording in paragraph 4, *I believe the Court has the authority to reinstate the injunction if it was ever lapsed in the first place.*

(RR(5/6) 9-10) (emphasis added).

At the conclusion of the hearing, the trial court specifically asked Sanchez "do you understand it's the Court's intention that the order is in place?" "Yes, I understand, yes" answered Sanchez. (RR(5/6) 11). Nevertheless, Sanchez kept defying the trial court, participating in least 124 wholesale vehicle transactions in Kerrville through July 2015 – 10 of them within days of the trial court's admonition. (Supp. CR 35-37).

The trial court then entered its May 20, 2015 order stating that, with respect to the June 2014 Temporary Injunction as amended on July 7, "[i]t was the Court's intent that the injunction remain in place until the matter was called to final trial or until further order of the court" and that it "disagrees that the injunction expired, but finds that the language of the July 7 Temporary Injunction is ambiguous such that Sanchez's post-injunction conduct cannot be punished by contempt". (CR 33). The trial court further confirmed that the July 7, 2014 Temporary Injunction

6

remained in full force and effect until final trial.  (CR 34).  Sanchez appeals the May 20, 2015 order.  (CR 35).

SUMMARY OF THE ARGUMENT

The trial court's May 20 Order was not a new temporary injunction that required a bond provision (Issue 1).  The May 20 Order referenced the court's earlier temporary injunction, which Sanchez did not appeal, thus Sanchez has waived his evidentiary claim (Issue 2).

ARGUMENT

**A.    The Trial Court's May 20 Order Is Not A Temporary Injunction That Requires A Bond (Response To Issue 1)**

Sanchez offers inconsistent versions on what he contends the May 20 Order did – it either "continued" or "extended" the temporary injunction (Brief at 1, 5) or it imposed a "new" temporary injunction (Brief at 4, 6).

This Court is faced with two possible scenarios.  One, the original temporary injunction did not expire and the May 20 Order confirmed that fact.  In that case Sanchez has nothing to appeal because he failed to appeal the original temporary injunction.

The second scenario is that the temporary injunction expired in August 2014 and the trial court reinstated it in the May 20 Order.  The trial court has indicated that it will not prosecute Sanchez for contempt of the temporary injunction for the

7

period leading up to the May 20 Order, so whether the temporary injunction expired on August 7, 2014, is a moot point. Rather, the issue is whether Sanchez is now subject to a temporary injunction as a result of the May 20 Order. Under the controlling case law, he is.

National posted a bond in connection with the temporary restraining order. When it issued its temporary injunction, the trial ordered that "Plaintiff's bond shall remain on file." (Supp. CR 5-6). A trial court has considerable discretion in setting the amount of a bond for a temporary injunction, and Sanchez did not appeal then, nor does he challenge now, the amount of the bond.

His issue on appeal relies solely on his claim that the May 20 Order was a "new" temporary injunction and that the absence of a bond provision renders it void. The May 20 Order clearly refers back to the original temporary injunction, which contained the bond provision and the findings essential to a temporary injunction, and it makes reference to the evidentiary hearing. (CR 33, 16-17).

A similar situation occurred in *F.W. Ludewig v. Houston Pipeline Co.*, where the trial court did not set a certain trial date in its temporary injunction order. After the defendant moved to dissolve the injunction because of the omission, the trial court amended its order by setting the case for trial. On appeal, the defendant claimed that the earlier injunction was void and therefore not subject

to amendment. It claimed that the second order lacked findings essential to a temporary injunction. The appellate court rejected these arguments:

> It is clear from the amended order that it refers back to the order of January 15, 1986, which specifies the acts forbidden, requires a bond, and makes reference to an evidentiary hearing. Appellants' arguments are without merit.

737 S.W.2d 15, 16 (Tex. App.—Corpus Christi 1987, n.w.h.).

As the trial court correctly recognized at the hearing, *if* the injunction had lapsed, the trial court had the discretion to reinstate it. A somewhat drastic example is found in the *Bishop v. Clawson* opinion, where the trial court entered a temporary injunction, amended it, dissolved it, and then reinstated it. The order of reinstatement contained this language:

> The court further finds that such Temporary Injunction should be reinstated so as to preserve the status quo pending trial. Therefore, the Order dissolving the Temporary Injunction that was entered herein on or about January 14, 2011, is hereby vacated and rescinded, and the Temporary Injunction is reinstated and is in full force and effect.

2012 WL 19668 (Tex. App.—Houston [14th Dist.] 2012, n.w.h.). Like here, the appellant argued that the reinstatement order was a new temporary injunction order. The court of appeals disagreed, stating that "the characterization of an order as a temporary injunction is controlled by the character and function of the order, regardless of its form" (citing *Del Valle I.S.D. v. Lopez,* 845 S.W.2d 808, 809 (Tex. 1992)):

9

> The trial court 'reinstated' the March 15, 2010 temporary injunction by vacating and rescinding its order granting Bishop's motion to dissolve. The trial court did not issue a new temporary injunction, instead it reinstated the previously granted injunction by reconsidering its prior dissolution order and denying Bishop's motion to dissolve. The character and function of the trial court's February 18 order – and indeed, the form of that order – indicate that the order decided Bishop's motion to dissolve. The order did not decide Clawson and Riddle's application for temporary injunction. Thus our review is limited to the trial court's denial of Bishop's motion to dissolve.

*Id.* at 2.

The facts here are not nearly as convoluted as those in *Bishop.* Regardless of how Sanchez wants to characterize the order, it was either a continuation or a reinstatement of the original temporary injunction, both of which were within the trial court's power. The trial court did not abuse its discretion here.

**B.    The Trial Court's Previous Injunction Is Supported By Sufficient Evidence (Response To Issue 2)**

Sanchez argues that the May 20 Order is "new" injunction that is not supported by any evidence. (Brief at 6). Even if the Court were to consider the May 20 Order to be a "new" injunction, it still complies with all the requisites for such an order. As discussed above, the May 20 Order expressly refers to the original temporary injunction. (CR 33). The original injunction contained the bond provision and the findings essential to a temporary injunction, and it references the evidentiary hearing. (CR 16-17).

10

At the evidentiary hearing, the trial court had the parties' Stock Purchase agreement in which Sanchez acknowledged that (a) "no adequate remedy at law exists to fully compensate" National for damages resulting from Sanchez's breach of the non-competition agreement and that, as a result, (b) National was "entitled to temporary and/or injunctive relief to enforce" the non-competition agreement. (RR(6/24) Ex. 3, p. 7).

Because the May 20 Order refers to the original injunction that was supported by sufficient evidence Sanchez's "no evidence" argument is without merit. [2] *See F.W. Ludewig v. Houston Pipeline Co.,* 737 S.W.2d 15, 16 (Tex. App.—Corpus Christi 1987, n.w.h.).

**PRAYER FOR RELIEF**

Appellee John H. Miller, Jr. Co., Inc. requests that the Court affirm the trial court's order in all respects, and requests such other and further relief to which it may be justly entitled.

---

[2] Sanchez did not appeal the original temporary injunction so any complaint about the sufficiency of the evidence behind it has been waived.

Respectfully submitted,

STEPHEN B. SCHULTE, P.C.
820 Main Street, Suite 100
Kerrville, Texas 78028
Telephone: (830) 258-4222
Facsimile: (830) 715-9292


_____/s/_____
Stephen B. Schulte
State Bar No. 17836500
Attorney for John H. Miller, Jr. Co., Inc.


## CERTIFICATE OF SERVICE

I certify that on August 18, 2015, a true copy of this brief has been served on all counsel of record as follows:

Richard Ellison            Via E-Serve


_____/s/_____
Stephen B. Schulte

12