ACCEPTED
04-15-00360-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/25/2015 3:39:53 PM
KEITH HOTTLE
CLERK

**APPEAL NO. 04-15-00360-CV**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
8/25/2015 3:39:53 PM
KEITH E. HOTTLE
Clerk

# IN THE COURT OF APPEALS FOR THE FOURTH SUPREME JUDICIAL DISTRICT OF TEXAS SAN ANTONIO, TEXAS

**ANDY SANCHEZ**
*Appellant,*

vs.

**JOHN H. MILLER, JR. CO., INC.**
*Defendant-Appellee.*

Appealed from the District Court of
Kerr County, Texas
198th Judicial District
Trial Court Cause No. 14467B
The Honorable Rex Emerson

## REPLY BRIEF OF APPELLANT

RICHARD L. ELLISON
Broadway Bank Building
500 Main St. Suite J
Kerrville, Texas 78028
830.792.5601
Texas Bar No.: 06580700
rellison@richellison.com
*Attorney for Andy Sanchez*
*Defendant-Appellant*

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................... i

INDEX OF AUTHORITIES ......................................................................... i

ARGUMENT .............................................................................................. 1

PRAYER AND CONCLUSION ...................................................................... 2

CERTIFICATE OF SERVICE ........................................................................ 3

---

# INDEX OF AUTHORITIES

TEXAS RULE OF CIV. P. 684 ..................................................................... 1

*Bishop v. Clawson*, 2012 WL 19668 (Tex.App.-2012 n.w.h.) ............................ 2

*Del Valle I.S.D. v. Lopez*, 845 S.W.2d 808 (Tex.1992) .....................…………. 2

*Ex Parte Jordan,* 142 S.W.3d 586, 590 (Tex.1990) ....................................... 1

*Ex Parte Lesher*, 651 S.W.3d 586, 590 (Tex.1983) ....................................... 1

*Letson v. Barnes*, 979 S.W.2d 414 (Tex.App.-Amarillo 1998, pet. denied)……………..……………………………………………………. 2

*Ludewig v. Houston Pipeline Co.*, 737 S.W.2d 15 (Tex.App.-Corpus Christi 1987 n.w.h.) ........................................................................................... 1

i

TO THE HONORABLE FOURTH COURT OF APPEALS:

Appellant Andy Sanchez respectfully files this brief in reply to Appellee's Brief.

**ARGUMENT**

**A.     The original Temporary Injunction-Amended expired Aug. 7, 2014.**

The trial court signed the Temporary Injunction – Amended on July 7, 2014. Paragraph 4 stated "Plaintiff's application for a permanent injunction is set for trial on August 7, 2014 at 9:00 a.m…. This Order expires at that time or until further order of the Court." The case did not go to trial and the trial court did not sign any order that extended it. The temporary injunction expired by its own terms on Aug. 7, 2014. The trial court may have intended that the original injunction would remain in effect after that date, but that is not what it ordered.

**B.     The May 20, 2015 Order failed to require a bond.**

There was no injunction in place from Aug. 7, 2014 until May 20, 2015 when the trial court signed the Order stating in Paragraph 4 "The Court confirms that the July 7, 2014 Temporary Injunction remains in full force and effect and orders that it is in full force and effect until final trial of this matter or further order of the Court." The Order did not require Miller to post a bond, as required by Tex. R. Civ. P. 684. The Order was void when signed. *Ex parte Jordan,* 142 S.W.3d 586, 590 (Tex.1990); *Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex.1983).

1

**C.    The Order could not "relate back" to an expired injunction.**

Appellee cites no authority that support its argument that the Order could "relate back" to an expired injunction. As stated, the trial court may have intended that the original injunction would remain in effect after that date, but that is not what it ordered.

In *Ludewig v. Houston Pipeline Co.*, 737 S.W.2d 15 (Tex.App. – Corpus Christi 1987 n.w.h.) there is no indication that the original injunction had expired before the trial court amended it.

In *Bishop v. Clawson*, 2012 WL 19668 (Tex.App. – 2012 n.w.h.), a memorandum opinion, the trial court issued an injunction, then vacated it, then reinstated it. Again, there is no indication that the original injunction had expired on its own terms. Further, there is no indication that the reinstated injunction failed to require a bond, as in the instant case. In *Del Valle I.S.D. v Lopez*, 845 S.W.2d 808 (Tex.1992) the only issue was whether there was an appealable order.

**D.    There is no evidence to support the May 20, 2015 Order.**

Appellee offered no evidence at the May 6, 2015 hearing. Whether the original Injunction was supported by evidence, it expired on Aug. 7, 2014, and Appellee waited nine months to do anything, then presented no evidence at the hearing. An injunction cannot be upheld without evidence. *Letson v. Barnes*, 979 S.W.2d 414, 417 (Tex.App. – Amarillo 1998, pet. denied).

## CONCLUSION AND PRAYER

The original injunction expired on its own terms on Aug. 7, 2014. Appellee failed to do anything to extend or reinstate it for seven months. Then, it presented no evidence, and obtained a new injunction that failed to require a bond. The new injunction was an appealable order, and Appellant timely appealed. For these reasons, Appellant prays that this Court order the injunction dissolved.

Respectfully submitted,

RICHARD L. ELLISON, P.C.
Broadway Bank Building
500 Main St., Suite J
Kerrville, Texas 78028
Tel. (830) 792-5601
Fax. (830) 792-5602
rellison@richellison.com

By: /s/ Richard L. Ellison
    SBOT: 06580700

ATTORNEY FOR APPELANT
ANDY SANCHEZ

Certificate of Service

I certify that on the 25th day of August, 2015 I filed this brief with the Clerk of court via the Prodoc efiling system, who will served a true and correct copy via fax to Appellee counsel Stephen B. Schulte.

/s/ Richard L. Ellison