

# NUMBER 13-18-00291-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

---

**CHRISTOPHER M. PROPST AND
STRIDE INVESTMENTS, LLC,**                                    **Appellants,**

**v.**

**GREGORY K. PROPST,
INDIVIDUALLY AND DERIVATIVELY
ON BEHALF OF RIOSTAR
SOLUTIONS, INC.,**                                              **Appellees.**

---

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION ON REHEARING

**Before Justices Benavides, Hinojosa, and Perkes
Memorandum Opinion on Rehearing by Justice Perkes**

In September 2016, Appellees RioStar Solutions, Inc. (RioStar) and RioStar co-

owner Gregory K. Propst (Greg) filed suit and application for injunctive relief against

appellants RioStar co-owner Christopher M. Propst (Chris) and his management and consultant company Stride Investments, LLC (Stride), alleging breach of fiduciary duty, civil conspiracy, violations of the Texas Civil Theft Act, and tortious interference with contract. In October 2016, the trial court entered a temporary injunction order (October 2016 order). In June 2018, the trial court signed an order (June 2018 order) extending the October 2016 order following hearings on appellees' request for enforcement of the October 2016 order and appellants' motion to dissolve the October 2016 order. Appellants timely appealed the trial court's June 2018 order, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014, arguing that the trial court (1) entered an invalid temporary injunction order, and (2) abused its discretion in denying appellants' motion to dissolve the temporary injunction.

On June 26, 2019, we issued a memorandum opinion dismissing appellants' appeal for want of subject-matter jurisdiction. *See Propst v. Propst*, No. 13-18-00291-CV, 2019 WL 2622337, at *1 (Tex. App.—Corpus Christi–Edinburg June 27, 2019, no pet.) (mem. op.). Appellants and appellees thereafter filed motions for rehearing and for en banc reconsideration, and appellees requested to supplement the record with evidence of a pending motion for contempt. We granted appellees' request to supplement the record. We now grant appellees' motion for rehearing, withdraw our June 26, 2019 memorandum opinion, and substitute the following in its place.[1] We reverse and remand.

---

[1] All other motions pending before the court are hereby denied.

## I. BACKGROUND

On July 31, 2013, RioStar, a Texas corporation, was created by relatives, Chris and Greg. On August 23, 2013, RioStar entered into an "Independent Contractor/Sales Agent Agreement" with Patterson Freight Systems, Inc. (Patterson). Under the contract, Patterson provided RioStar with sales and operational materials, including an email domain and computer software that tracked RioStar's business transactions and customer lists. On October 1, 2013, RioStar entered into a "Management Services Agreement" with Stride.

By mid-2016, the relationship between Chris and Greg had deteriorated, which adversely affected RioStar. On August 31, 2016, RioStar received a termination notice from Patterson. Chris and Greg, on behalf of RioStar, requested a termination extension date, and Patterson agreed to extend the termination date until September 26, 2016.[2]

On September 20, 2016, Greg filed suit and an application for temporary injunction against Chris and his company, Stride.[3] Meanwhile, on behalf of Stride, Chris executed a new contract with Patterson on September 27, 2016; Stride then subsumed use of RioStar's former software and email account.

On October 19, 2016, the trial court entered a temporary injunction order requiring Chris to: (1) "pay RioStar a royalty of 10% of the gross brokerage or $10,000, whichever is greater, *during the term of the Temporary Injunction*"; (2) provide "weekly reports to

---

[2] Pursuant to the contract's termination terms, RioStar was required to discontinue use of all of Patterson's materials, including software.

[3] The suit also named individuals and companies associated with Patterson and Stride, whom are not parties to this appeal: Sweet Life Logistics, Inc., Sweet Life Transportation, Inc., George Garcia (aka Jorge Garcia, aka Roberto Vasquez), J Brokerage Corp, Daniel Diaz, Frank Diaz, Tim O'Bannon, S Katzman Produce, Inc., Katzman Berry Corporation., Top Katz Brokers, LLC, JMS Top Katz Texas, LLC, Stephen Katzman, Joseph Palumbo and Mario Andreani.

RioStar of all brokerage activity"; (3) resign as RioStar's director and officer; (4) terminate Stride's contract with RioStar; and (5) turn over electronics used by former RioStar employees, including his personal laptop and cell phones, to counsel for a forensic sweep. The court additionally ordered that the October 2016 order would "*remain effective until the trial on the merits set for 9:00 o'clock a.m., on the 1st day of May, 2017* . . . unless dissolved or modified sooner by Order of this Court." (emphasis added.)

Appellants did not appeal the October 2016 order, and the case did not proceed to trial on May 1, 2017. The parties dispute whether the October 2016 order expired by its own prescribed terms on the May 1st date. On May 24, 2017, appellees filed a motion to hold appellants in contempt for failure to comply with the October 2016 order and to extend and enforce the order. Appellants responded by filing a motion to dissolve, deny removal, or modify the temporary injunction, and alternatively, appellants requested a bond increase. Although the court held the evidentiary injunction hearing on May 30, 2017, and multiple hearings thereafter on this matter, the second temporary injunction order was not signed until June 19, 2018.

The trial court took "judicial notice of all prior proceedings, the pleadings, including the evidence presented, the pleadings, responses and arguments of counsel, [and found] that the Temporary Injunction issued on October 19, 2016 should be extended." The June 2018 order contained multiple revisions to the October 2016 order, including removing paragraph four altogether and changing the royalty requirement to "10% of the gross brokerage or $7,500, whichever is greater," with said payments expiring upon its stated "effective until" date. The trial court provided that the June 2018 order would

4

"remain effective until the trial on the merits set for 10:00 o'clock a.m., on the 24th day of September, 2018." This appeal followed.[4]

## II. JURISDICTION

### A. Substantive Changes

On appeal, our review is generally limited to the narrow question of whether the trial court abused its discretion in its issuance of a temporary injunction order, and the trial court's injunction orders are strictly construed to ensure compliance with the law. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) ("A reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion."); *Super Starr Int'l, LLC v. Fresh Tex Produce, LLC*, 531 S.W.3d 829, 838 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.).

However, a subsequent temporary injunction order which simply extends the initial temporary injunction is not an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4); *see also Ludewig v. Houst. Pipeline Co.*, 737 S.W.2d 15, 16 (Tex. App.—Corpus Christi–Edinburg 1987, no writ) ("Appellants may not now 'tack' a non-appealable order to an otherwise appealable order in order to readjust the appellate time table so as to secure our review of the case." (citing *City of Arlington v. Tex. Electric Service Co.*, 540 S.W.2d 580 (Tex. Civ. App.—Ft. Worth 1976, writ ref'd n.r.e.))). A subsequently issued temporary injunction order is an extension of the first order if it (1) seeks only to extend the duration of the injunction, and (2) no substantive changes were made. *See In re Graybar Elec. Co., Inc.*, No. 13-08-00073-CV, 2008 WL 3970865,

---

[4] We note that the aforementioned co-defendants not parties to this appeal have a separate accelerated interlocutory appeal pending out of this Court involving the trial court's August 2018 order denying the defendants' special appearances. The trial court thereafter granted the defendants' motion for statutory stay of proceedings on September 18, 2018.

5

at *11-12 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2008, no pet.) (mem. op.) (citing examples of substantive modifications). Therefore, we only have jurisdiction to review the appeal if we conclude that changes to the June 2018 order were substantive. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4); *see also In re Graybar*, 2008 WL 3970865, at *13 (holding that where an extension order made no substantive modification to the original temporary injunction, the order fell "outside the ambit of section 51.014(a)(4) of the civil practice and remedies code," and our court lacked jurisdiction to review it); *City of Lancaster v. Tex. Motor Transp. Ass'n, Inc.*, No. 05-05-00169-CV, 2005 WL 2303415, at *1 (Tex. App.—Dallas Sept. 22, 2005, no pet.) (mem. op.) (same).

Appellees concede that the June 2018 order "did contain a substantive change," but nonetheless maintain that the June 2018 order was an "extension."[5] We agree only that the changes were substantive. The percentage of royalties and flat fee per month owed by appellant have changed, and other directives, such as Chris's entitlement to ownership in RioStar, have been removed altogether. *See Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 689 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *cf. In re Graybar*, 2008 WL 3970865, at *11-12; *City of Lancaster*, 2005 WL 2303415, at *1. Having found that the changes amounted to a substantive modification, we proceed to the second jurisdictional hurdle that this case poses: is the June 2018 order moot?

---

[5] Appellees cite no support for its contention that a subsequent temporary injunction order containing a substantive change is therefore merely an extension—in name or effect—and caselaw, although sparse, indicates the contrary. *See Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 689 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also In re Graybar Elec. Co., Inc.*, No. 13-08-00073-CV, 2008 WL 3970865, at *11-12 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2008, no pet.) (mem. op.); *City of Lancaster v. Tex. Motor Transp. Ass'n, Inc.*, No. 05-05-00169-CV, 2005 WL 2303415, at *1 (Tex. App.—Dallas Sept. 22, 2005, no pet.) (mem. op.).

6

**B.      Mootness**

When an injunction becomes inoperative because it has expired, its validity becomes moot for appellate review.[6]   *Parr v. Stockwell*, 322 S.W.2d 615, 616 (Tex. 1959).   A temporary injunction order may expire (1) at a fixed time, or (2) contingent on an event, such as a final judgment.   *See Isuani v. Manske-Sheffield Radiology Grp., P.A.*, 802 S.W.2d 235, 236 (Tex. 1991) (providing that, if not otherwise specified, a final judgment acts as finality for a temporary injunction); *see also Yardeni v. Torres*, 418 S.W.3d 914, 917 (Tex. App.—El Paso 2013, no pet.) (providing that "before [the appellate court] had the opportunity to dismiss the appeal for mootness, [the applicant] moved to amend and renew her initial temporary injunction order," extending the expiration date); *see generally* 44 Tex. Jur. 3d Injunctions § 114.

By its own prescribed terms, the June 2018 order expired on the date it ceased effect:   "[the] [t]emporary Injunction *shall remain effective until* the trial on the merits set for 10:00 o'clock a.m., on the 24th day of September, 2018."   Though rule 683 of the Texas Rules of Civil Procedure requires language setting the trial of the merits, the rule does not dictate that the setting act as an injunction terminus date.   TEX. R. CIV. P. 683; *see, e.g., Electrolux Home Care Prods., Ltd. v. Int'l Mfg. Sols. Corp.*, 247 S.W.3d 239, 241–42 (Tex. App.—El Paso 2007, no pet.) (holding the order specified the end-date of

---

[6]   Mootness is a threshold issue that implicates a reviewing court's subject-matter jurisdiction, and appellate courts are prohibited from reviewing an injunction that has become moot. *Nat'l Collegiate Athletic Ass'n v. Jones,* 1 S.W.3d 83, 86 (Tex. 1999) ("This prohibition . . . prohibits courts from rendering advisory opinions.") (citations omitted); *see also Arroyo v. Garza*, No. 13-17-00496-CV, 2018 WL 3764236, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 9, 2018, pet. denied) (mem. op.).   Although mootness was not raised by the parties, "[w]e are obligated to determine, sua sponte, our jurisdiction to hear and consider an appeal." *Parks v. DeWitt Cty. Elec. Coop.*, 112 S.W.3d 157, 161 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) (citing *Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam)).

enjoinment: "60 days from the date of this order"); *see also Trice v. State,* 712 S.W.2d 842, 852 (Tex. App.—Waco 1986, writ ref'd n.r.e.) (same).

Although the June 2018 order was not amended to extend the duration of the injunction,[7] *cf. Yardeni,* 418 S.W.3d at 917, appellees have since supplemented the record with evidence of a pending motion for contempt. *See Employers Mut. Cas. Co. v. Coxsey,* 718 S.W.2d 426, 428 (Tex. App.—Fort Worth 1986, writ dism'd) (providing that where an order "imposing restraint on action for a certain period of time becomes moot on expiration of the period fixed in the order," appellate courts may nonetheless "find that the pending contempt motion prevents us from concluding that the appeal before us has become moot")*; see also Cool World & Can, Inc. v. State*, No. 01-01-00966-CV, 2002 WL 31319965, at *2 (Tex. App.—Houston [1st Dist.] Oct. 17, 2002, no pet.) (mem. op.) ("[I]f the injunction is valid, appellants are subject to being held in contempt of court. Therefore, the appeal is not moot."). The motion for contempt was filed against appellants on October 24, 2018, alleging in part that appellants failed to abide by the trial court's June 2018 order.

We find that the existence of the pending contempt motion forestalls a mootness determination, *see Coxsey,* 718 S.W.2d at 428, and we review appellant's first issue on appeal.

### III. TEMPORARY INJUNCTION

To be entitled to a temporary injunction, an applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the

---

[7] We also note that because the unrelated appeal out of the same trial court case number resulted in a stay of the proceedings below, appellees were precluded from seeking an extension of the injunction.

8

relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru,* 84 S.W.3d at 204; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 65.011. Should the trial court decide to grant injunctive relief, the order itself must contain the reasons for its issuance, be specific in terms, and describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained. *See* TEX. R. CIV. P. 683; *Transp. Co. of Tex. v. Robertson Transports, Inc.*, 261 S.W.2d 549, 553 (Tex. 1953); *Reliant Hosp. Partners, LLC v. Cornerstone Healthcare Group Holdings, Inc.*, 374 S.W.3d 488, 495, 502 (Tex. App.—Dallas 2012, pet. denied). The procedural requirements of rule 683 are mandatory, and a temporary injunction that fails to abide by the requirements "is subject to being declared void and dissolved." *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000); *see Sargeant v. Al Saleh*, 512 S.W.3d 399, 409 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.).

Appellants argue that the June 2018 order's written reference to the October 2016 order is insufficient to maintain a valid order. We agree. The pertinent parts of the June 2018 order reads as follows:

> On this 28 day of September, 2016, came on for consideration Plaintiff's Application for Temporary Injunction. After notice and hearing, and based upon the application and the evidence and arguments presented, the Court granted a Temporary Injunction. Thereafter, the Court held an evidentiary hearing on May 30, 2017 on Plaintiff's Motion for Contempt and Defendant's Motion to Dissolve Temporary Injunction. Testimony and additional exhibits were admitted into evidence. Further, on February 1, 2018, the temporary injunction record was supplemented by agreed leave of court with deposition testimony of Steve Howard and Roberto Vasquez (aka Defendant George Garcia). The Court, having taken judicial notice of all prior proceedings, including the evidence presented, the pleadings, responses and arguments of counsel, finds that the Temporary Injunction issued on October 19, 2016 should be extended. Incorporating the Court's findings set forth in the Temporary Injunction, the Court hereby EXTENDS the TEMPORARY INJUNCTION dated October 19, 2016.

9

A subsequent order which only superficially states that material facts from a previous temporary injunction order have been incorporated, although the subsequent order has been substantially changed, does not comply with the specificity requirement of rule 683.[8]  TEX. R. CIV. P. 683; *see Arrechea v. Plantowsky*, 705 S.W.2d 186, 189 (Tex. App.—Houston [14th Dist.] 1985, no writ) ("[T]he modified order cannot be read in conjunction with the original order to supply the necessary facts.   A temporary injunction which merely states that a previous temporary restraining order is continued as a temporary injunction does not comply with the requirement of Rule 683."); *Ahmed*, 99 S.W.3d at 689 (explaining that a modified temporary injunction acts as a replacement of the original order); *see also McDowell v. McDowell*, No. 02-16-00038-CV, 2016 WL 4141029, at *1 (Tex. App.—Fort Worth Aug. 4, 2016, no pet.) (mem. op.) ("An amended or modified temporary injunction supersedes and implicitly vacates a prior temporary injunction.").

We therefore conclude that the language of the June 2018 order does not comply with rule 683, and the order is therefore void.   *See* TEX. R. CIV. P. 683; *Arrechea*, 705 S.W.2d at 189; *see, e.g.*, *In re Chaumette*, 456 S.W.3d 299, 305 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("[W]here the only part of the [temporary-injunction order] that can be construed as setting forth the reasons for its issuance reads as follows:   'The Court finds . . . Plaintiff will suffer irreparable injury for which he has no legal remedy if this injunction is not granted.' . . . [the order] does not comply with the specificity requirements of Rule 683.").   We sustain appellant's first issue and need not address

---

[8]   Although the October 2016 order is not before the court and we make no finding regarding the order's compliance with rule 683, we note that the portion of the October 2016 order which dictates several reasons for its issuance spans five pages.   *See* TEX. R. CIV. P. 683.

appellant's second issue.  *See Qwest Commc'ns*, 24 S.W.3d at 337; *see also* TEX. R. APP. P. 47.1.

## IV.  CONCLUSION

The order granting the temporary injunction is reversed, the temporary injunction is dissolved, and this cause is remanded to the trial court.

GREGORY T. PERKES
Justice

Delivered and filed the
31st day of October, 2019.

11